[Louisville & Nashville R. R. Co. v. Johnson.]

# Louisville & Nashville R. R. Co., v. Johnson.

## Crossing Accident.

(Decided May 24, 1909.   Rehearing denied June 30, 1909.
50 South. 300.)

1. *Pleading; Demurrer; Sufficiency.*—Under section 5340, Code 1907, a demurrer to a count, stating as ground (1) that the misconduct was not alleged with sufficient certainty, and (2) that the averment of intentional misconduct was not sufficient, was general, and insufficient to raise the question as to whether the complaint sufficiently avers that the agents or servants of defendant were acting within the scope of their employment at the time the injury occurred.

2. *Same; Construction of Count.*—A count in a complaint must be construed as a whole.

3. *Railroads; Crossing Accident; Complaint.*—Where the complaint averred that defendant on the date specified was engaged in operating a railroad, and was running engines, etc., thereon, for the transportation of person and things for hire, and that defendant's servants or agents then and there operating an engine to which was attached cars, wantonly or willfully caused or permitted the same to be run upon or against plaintiff, thereby injuring him, etc., such complaint was not insufficient as failing to allege that at the time of such injury, the agents or servants of the defendant were acting within the scope of their employment, or as for failing to charge that the defendant's servants or agents had such actual knowledge as would show that their conduct was wanton.

4. *Same; Pleading; Demurrer.*—Where a count sufficiently charges wanton or wilful misconduct, a plea of contributory negligence addressed to such count, is subject to demurrer.

5. *Same; Care Required.*—It is the duty of a person in charge of an approaching engine, after discovering a person on the track, or in dangerous proximity to the track, to take such steps as will avoid injuring such person, and on failing to do so, the person in charge of the engine is negligent.

6. *Same; Evidence.*—Where plaintiff was injured while attempting to cross defendant's track to take a train at a street crossing to go to his work for defendant, and it was customary for the employes of the defendant who worked at the same place with plaintiff to take an employe's train at this crossing, evidence that a bulletin was posted naming that place as one of the places at which employes took the train, was material, as tending to show the right of plaintiff to be at the crossing when he was injured.

7. *Same; Instructions.*—A charge asserting that if the jury believed from the evidence that by looking and listening, the plaintiff

[Louisville & Nashville R. R. Co. v. Johnson.]

could have discovered the approach of the switch engine in time to have gotten out of the way before being struck, then plaintiff was negligent and could not recover, was properly refused, since it would make necessary such conduct on the part of the plaintiff as would have assured his discovery of the approaching engine in order to acquit himself of negligence.

8. *Same.*—A charge asserting that if the jury believe the evidence they cannot find from it that the defendant was guilty of wanton or intentional negligence, was properly refused, since the wanton or intentional misconduct under the evidence was attributable to the servants and agents of the defendant, and not to the defendant, and also because the evidence tended to show that the engineer saw plaintiff in a position of peril, and either negligently failed to perform his duty or else wantonly or intentionally caused or allowed his engine to strike him.

9. *Same; Damages.*—A charge asserting that if the jury find for the plaintiff, they can only award him nominal damages, unless they believe that his injury was proximately caused by the wanton or intentional negligence of the defendant, excluded plaintiff from his right to compensatory damages if the jury found that defendant's servants were negligent, after discovery of plaintiff's peril, and that his injury proximately resulted therefrom, provided, it was also found that plaintiff was not guilty of contributory negligence, and hence, its refusal was proper.

10. *Charge of Court; Applicability to Case.*—Where the action was against a railroad company for injuries received by being struck by a switch engine in crossing the defendant's track in an endeavor to take a train that would carry plaintiff to his work as a flagman in the employ of defendant, in which no attempt is made to fix defendant's liability as that of a master, instructions asserting that plaintiff was not entitled to the measure of care that defendant owed its employes, and that plaintiff did not occupy the relation of employee to the defendant, were properly refused as abstract.

11. *Same; Jury Question.*—If the question of negligence or of contributory negligence is one to be determined by the jury under the evidence, charges asserting that if the jury believe the evidence they must find from it, that plaintiff was himself guilty of negligence and that such negligence proximately contributed to his injury, are properly refused.

12. *Same; Confused or Misleading Instructions.*—A charge asserting that if the jury believe from the evidence that plaintiff, at and before the time of the accident, knew that no train could approach him on the track on which was running the engine that struck him from the east when the southbound mainline was occupied by a train, and if the jury find from the evidence that such was the fact, then plaintiff will not be excused from looking in the direction from which came the engine that struck him, by the fact, if the jury believe it was a fact, that he was looking in an opposite direction, was confused and misleading, and hence, properly refused.

13. *Evidence; Opinion Evidence; Questions.*—One of the issues in the case being whether the engineer saw the plaintiff in a position of peril ,and at what distance he was from him, and there being a conflict in the evidence as to whether the engine which struck plaintiff while backing had a light on the rear end, it was competent to ask

an experienced engineer as to how near the rear of an engine a man on the track could be seen by the engineer if there was an electric light at the crossing.

14. *Trial; Reception of Evidence; Objection.*—An objection to a question comes too late if not interposed until after the question has been answered.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Walter H. Johnson against the Louisville & Nashville Railroad Company for injury. From a judgment for paintiff, defendant appeals. Affirmed.

The pleadings are fully discussed in the opinion. The following charges were refused to the defendant: (1) Unnecessary to be set out. (2) "If the jury believes from the evidence that the plaintiff at and before the time of his accident and injury knew that no trains could approach him on the track on which was running the engine that struck him from the east when the south-bound main line was occupied by a train, and if the jury further believe from the evidence that such was the fact, then the plaintiff would not be excused from looking in the direction from which came the engine that struck him, by the fact, if the jury believe from the evidence that it was a fact, that he was looking an opposite direction." (3) "If the jury believe the evidence, they must find from it that the plaintiff was himself guilty of negligence." (4) Same as 3, and adds: "Which proximately contributed to his injury." (5) "If the jury believe from the evidence that the plaintiff could have, by looking and listening, discovered the approach of the switch engine in time to have gotten out of the way of it before being struck by it, then the plaintiff was himself guilty of negligence." (6) "If the jury believe the evidence, they cannot find from it that the defendant was guilty of wanton or intentional negligence." (7) "If the jury believe thhe evidence in

this case, they cannot find from it that at the time of the plaintiff's injury he was entitled to the measure of care that defendant owed to its employes by law."    (8) "The plaintiff in this cause at the time of his injury did not occupy with reference to the defendant the relation of an employe, so as to entitle him to demand the measure of care and duty from the defendant that the law exacts of defendant in the managements of its engines and trains in favor of its employes."    (9) "I charge you that, if you believe the evidence in this case, you cannot find from it that the plaintiff, at the time of his injury, occupied the relation of employe as against the defendant in such sense as to entitle the plaintiff to demand of the defendant the measure of duty that defendant owed to its employes in the manaagement of its train and engines."    (10) "If the jury believe the evidence and find for the plaintiff, they can only award the plaintiff nominal damages, unless they believe from the evidence that the plaintiff's injury was proximately caused by the wanton or intentional negligence of the defendant."    (11) Affirmative charge as the thirteenth count.    (12) Same as the fourteenth count.    (13) The general affirmative charge.    (14) Affirmative charge as to the first count.    (15) Same as to the second count.

The following is the portion of the oral charge excepted to: "After discovering a person in dangerous proximity to the track or on the track it would be the duty of the person in charge or control of the engine to take such steps as will avoid injuring the person on the track, and a failure to do so would be negligence on the part of the person in charge of the engine."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. Counsel discuss the counts of the complaint and conclude that they were not good as counts in willful, wan-

ton or intentional negligence, but were good as counts in single negligence. *City D. Co. v. Henry,* 139 Ala. 167; *Bir R. & E. Co. v. Mason,* 137 Ala. 344. Hence, they assert that the court erred in sustaining the demurrers to their pleas of contributory negligence. In further support of their argument as to the counts and pleas, they cite: *A. G. S. v. Williams,* 140 Ala. 236; *L. & N. v. Mitchell,* 134 Ala. 261; *Bir. R. L. & P. Co. v. Bennett,* 144 Ala. 269. Counsel discuss assignments of error as to evidence, but without citation of authority. They insist that the portion of the oral charge excepted to misstates the duty owing by the engineer to the plaintiff after discovering his peril. *L. & N. R. R. Co. v. Young,* 45 South. 241; *L. & N. v. Gentry,* 103 Ala. 635; *Same v. Davis,* 103 Ala. 661; *C. of G. R. R. Co. v. Starks,* 126 Ala. 368 and cases therein cited. The court should have given charge 1. *C. of G. v. Foshee,* 125 Ala. 213. On this same authority charges 3 and 4 should have been given. Counsel discuss the other charges, but without citation of authority.

GASTON & PETTUS, for appellee.—The demurrers were general and insufficient to raise the question argued. Sec. 5340, Code of 1907; *Trainum v. Drum,* 112 Ala. 277; *Milligan v. Pollard,* 112 Ala. 465. It is not necessary that complaints set out evidential facts.—*Burns v. Reeves,* 127 Ala. 129. Very general averments are sufficient.—*K. C. M. & B. v. Flippo,* 138 Ala. 487; *C. of G. v. Foshee, supra.* The same is true in averring wantonness.—*M. & G. v. Martin,* 117 Ala. 367; *L. & N. v. Orr,* 121 Ala. 494; *Same v. Anchors,* 114 Ala. 494. As to the sufficiency of these counts see further.—*Southern Ry. Co. v. Shelton,* 136 Ala. 191; *Johnson's case,* 149 Ala. 538; *L. & N. v. Young,* 45 South. 238. Charges singling out portions of the evidence are properly refused.

—*L. & N.* v. *Work,* 128 Ala. 307. Counsel discuss other charges given and refused, with citations of authority, but it is not deemed necessary to set them out.

McCLELLAN, J.—Action for personal injuries. Counts 1, 2, 13, and 14 were those submitted to the jury. Counts 1 and 13 ascribe the injury suffered to negligence attending the operation of an engine and cars at or near a public street crossing in the city of Birmingham. Counts 2 and 14 purport to impute the injury to wilful or wanton misconduct on the part of those in control of the engine and cars on the occasion.

The appellant complains of the ruling below holding that counts 2 and 14 were not defective, in that they were silent in the essential averment that the agents or servants of the defendant were acting within the scope of their employment at the time the injury occurred. The demurrer to count 2 was comprised of these grounds: (1) That the misconduct was not alleged with sufficient certainty; (2) that the averment of wanton or intentional misconduct was not sufficient. Under our statute (Code 1908, § 5340) it is evident that these grounds of demurrer did not specify the objection stated above. They were general, and were, hence, properly overruled.

The sixth ground of demurrer to count 14 accurately specified the mentioned objection to this count. It is properly conceded, in substance, in brief for appellant, that there are no patented words for charging the misconduct imputed to have been committed or omitted "within the scope of the servant's employment"; but it is correctly insisted that such fact must appear in a count in such cases, in order to render it immune from demurrer taking the objection. This count did not contain the express averment referred to. Does it con-

tain allegations of fact comprehending it? We are of
the opinion that it does. It is averred that the defend-
ant was engaged, in July, 1906, in the business of oper-
ating a railroad and running thereon engines, etc., for
transporting persons and things for hire; that "defend-
ant's servants or agents then and there operating an
engine, to which were attached cars, wantonly or will-
fully caused or permitted the same to run against plain-
tiff," thereby injuring him. The former averment is
the basis for the latter, and the latter cannot be inter-
preted without reference to the former. The latter nec-
essarily refers to the business in which the defendant
was engaged, as portrayed in the former averment, and
the conduct of the servants or agents in the operation
of the engine, with cars attached, necessarily implies
that those operating the engines and cars were doing
so in the course of business in which the defendant was
engaged. To take the latter averment as capable of de-
scribing agents or servants of the defendant usurping
the function of exercising, for the master, a proper con-
trol and use of one of its engines, with cars attached,
and to this we are urged for appellant, would be, it
seems clear to us, to ignore the antecedent averment of
the business pursued by the defendant, and in immedi-
ate connection with which the latter averment is employ-
ed, descriptive of a damnifying result attending the oper-
ation "then and there" of one of the defendant's en-
gines, etc., in the physical control of servants or agents
of the defendant. The argument for appellant does
not, we think, take due account of all the averments of
the count, but rather would turn the interpretation of
the count on the single averment describing the conduct
of the defendant's servants or agents. A count must
be construed as a whole. *A. G. S. R. R. Co. v. Williams,*
140 Ala. 230, 37 South. 255, cited for appellant dealt

in the particular sought to be applied on this appeal, with a cause of action attempted to be stated under subdivision 5 of the employer's liability act (Code 1907, § 3910), whereby "charge" or "control" of any signal, point, etc., are required to be averred. That decision can have no bearing on the present inquiry, where the relation of master and servant is not relied on, in the pleadings submitted to the the jury to fix liability.

It is argued that count 14 was defective because of its omission to charge such actual knowledge on the part of the servants of defendant as would support wantonness, etc., in the act taken or omitted. There was no ground of the demurrer to this count taking that specific objection.

There was no error in overruling the demurrers to counts 2 and 14; and, for like reasons, there was no error in sustaining plaintiff's demurrers to pleas of contributory negligence as addressed to counts 2 and 14, which counts charged wanton or willful misconduct.

According to plaintiffs's contention, he was, at the time of the injury, en route to take a train at the Twenty-Fourth Street crossing, where he was injured, to go to Boyles, whereat he was to take up his duties, as a train flagman, on a train of defendant to be run from Birmingham to Montgomery. There were several parallel tracks at or in this crossing. The evidence tends to show that plaintiff was delayed when he reached a point on the sidewalk between two of the tracks of the defendant. The occasion for the delay was the approach or passage of a long freight train going south. It further appears, from some of the evidence, that plaintiff looked both up and down the track, next that occupied by the freight train, a half minute before he was stricken by an engine on such next track, and that he was in

the act of turning his head to again look, in the direction from which this engine came, when he was injured. It was shown that it was customary for employes of the defendant, whose duties required their presence at Boyles, four miles north of Birmingham, to take an employes' train, operated by the defendant between Birmingham and Boyles at regular intervals, at this crossing. In this connection plaintiff's counsel propounded this question to plaintiff as a witness: "I will ask you if it was not a fact that a bulletin was posted naming that as one of the places?" (meaning places at which this employes' train took up persons going to their work at Boyles). The objection, overruled by the court, to the question, was that it sought immaterial matter. The testimony sought was material in the aspect that it tended to show the right of the plaintiff to be at the crossing on the occasion. Besides, from the bill, it appears that the question had been answered before an objection, stating a ground therefor, was interposed. The objection stated came too late.

The proof tended to show that an electric street light was swung and burning at the crossing, and that the engine inflicting the injury was of the switch engine type, with sloping water tank. The question, propounded to the witness Hopwood, as to how near the rear of the engine a man on the track could be seen by the engineer from his place in the cab, was objected to. The objection to the question was that it took no account of the headlights. The question was then amended so as to hypothesize the presence of the electric street light, and the objection was reinterposed. The court properly overruled the objection. There was a conflict in the testimony whether there was a light on the rear of this engine. It was undoubtedly the right of the plaintiff to elicit the opinion of Hopwood, an experienced

43—162

engineer, under the circumstances hypothesized and supported by some phases and tendencies of the evidence. One of the issues in the case was whether the engineer saw plaintiff in a position of peril, at what distance from him, and by the hypothetical question sought evidence bearing on this issue. These considerations dispose of all the assignments except those based on the oral charge of the court, in one particular to be stated, and on refused special charges.

The fraction of the oral charge set out in the bill is, abstractly, a correct proposition of law, though it is also true that notwithstanding one may be in a position of danger on or near the track, the engine man may assume, under conditions defined in many cases here, that the endangered party will remove himself from danger. The criticism asserted for appellant is that taken in *L. & N. R. R. Co. v. Young*, 153 Ala, 232, 45 South. 238, 16 L. R. A. A. (N. S.) 301, to the there quoted part of the oral charge of the court. The part of the oral charge here criticised is squarely within our declaration in the Young Case. The charge here was predicated upon the failure "to take such steps" as would avoid injury. The quoted expression is readily subject to an interpretation rendering it the equivalent of the application of proper means, in proper order, set down in the Young Case.

Special charges 1 to 15, inclusive, were refused to defendant. That numbered 1 is a substantial duplicate of charge 19 given at the request of the defendant.

Charge 2 was properly refused, for the reason, if not others, that it was confusing, was involved, was calculated to mislead the jury.

Charges 3 and 4 affirmed that the plaintiff was guilty of negligence. Under the evidence in the case negligence, or contributory negligence, vel non, of the plain-

tiff, was plainly a jury question. These charges were well refused.

Charge 5 was correctly refused, because it exacted of the plaintiff, in order to acquit himself of negligence in his conduct, such cautious conduct as would have assured his discovery of the approaching engine in time to have avoided it. The standard, in this as in all cases, for the measurement of conduct with reference to the ascertainment of negligence vel non, is defined in *Central of Ga. v. Foshee,* 125 Ala. 199, 216, 27 South. 1006, This charge would have raised that standard. Dowdell, C. J. and Anderson J., are of the opinion that the charge was properly refused, in that it omits to hypothesize the failure of the plaintiff to look and listen.

Charge 6 affirmed that a belief of the evidence forbade a finding "that defendant was guilty of wanton or intentional negligence." The refusal of the charge may be justified on the ground that the wanton or intentional misconduct was attributable, under the evidence, not to the defendant, but to its servants or agents. But, independent of that criticism there were tendencies in the evidence from which it could have been reasonably concluded that the engineer, Ellison, saw the plaintiff in a position of peril, and either negligently omitted to perform his duty to avert injury, or else wantonly or intentionally cause or allowed his engine to strike plaintiff. It was shown, by some of the testimony, that plaintiff was standing between the track on which Ellison's engine came and a track on which a long freight train was passing; that plaintiff's back or side was toward Ellison's engine; that he did not see it until struck thereby; that the space—"clearance—between engines and cars on these two tracks was narrow, so narrow as to render it, Ellison testified, dangerous to be there when engines and cars were simultaneously using both tracks.

Ellison testified: "I kept a lookout down the crossing when I was coming up to it. I looked out for the crossing. There is a street crossing there to look out for, and also a semaphore there at the railroad crossing. I looked at the semaphore and street crossing, too. Nobody was in my sight. As the engine was backing up, I first looked at the street crossing when I was a car length and a half from it, 50 feet." The engine was backing, there was some evidence tending to show, when plaintiff was struck by it. An electric light was burning at or over the crossing. There was evidence that the fireman said, presumably addressing the engineer, "Whoa!" two or three times. There was testimony to the effect that this engine, running 2 to 5 miles an hour, could have been stopped almost instantly by the application of the emergency brakes. These are some of the facts and circumstances rendering the issues of negligence vel non of defendant's servants, of the contributory negligence vel non of the plaintiff, of wanton or intentional misconduct vel non of defendant's servants, of subsequent negligence after discovery of plaintiff's peril, and of contributory negligence vel non—all within the issues raised by counts 1, 2, 13, and 14, and pleas thereto—triable by jury. The *Bush Case,* 122 Ala. 470, 26 South. 168, *Young Case, supra,* and *B. R. L. & P. Co. v. Hendry Jung.* 161 Ala. 461, 49 South, 434, are in point, in the important particulars, on the court's duty, observed by it, to submit these issues to jury for decision.

Charges 7, 8, and 9 had reference to the relation of master and servant, mentioned as existing, not then, however, by some of the evidence offered by plaintiff in explanation of his presence at and purpose in going to the Twenty-Fourth street crossing. None of the four counts, viz., 1, 2, 13, and 14, submitted to the jury, nor any pleading following them, sought to fix liability

[Louisville & Nashville R. R. Co. v. Johnson.]

through the relation of master and servant. No action of the court tended in that direction or to that result. These charges were, therefore, abstract and properly refused.

Charge 10 was faulty, and hence well refused, because it excluded the plaintiff from his right to recover compensatory damages, at least, if, as was possible under the pleadings and evidence, the jury found that defendant's servants were negligent, as distinguished from the more aggravated misconduct, after discovery (if so found) of plaintiff's peril and his injury proximately resulting therefrom, provided it was also found that plaintiff was not guilty of contributory negligence bearing the necessary relation to such subsequent negligence.

We have considered, treated, and decided every error assigned and urged for appellant, and find no error in the record. The judgment is therefore affirmed.

Affirmed.

DOWDELL, C. J. and ANDERSON and MAYFIELD, JJ., concur.