# Birmingham Railway, Light & Power Company *v.* Taylor.

## *Injury to Passenger.*

(Decided January 23, 1913.   Rehearing denied February 4, 1913.
60 South. 979.)

1. *Carriers; Passengers; Injury; Complaint.*—A count alleging that while plaintiff was a passenger of defendant, the servants or agents of defendant acting within the scope of their employment, willfully or wantonly inflicted upon him the injuries alleged, and that such injuries were the proximate consequence of the wantonness or willfullness of "defendant, its servants or agents, as aforesaid," showed that the willfullness and wantonness complained of was that of the servants or agents of the carrier and not of the defendant itself; the word "aforesaid" limits the general averment and refers to the preceding particular averment.

2. *Same; Damages.*—If there is evidence from which the jury can fairly infer that the acts of defendant's servants or agents were wanton or willfull, an instruction withdrawing the question of punitive damages from the jury is properly denied.

3. *Same; Jury Question.*—The evidence stated and examined and under it it is held that the question of wantonness was one for the jury, and that the court properly refused to take it from them.

4. *Damages; Punitive Damages; Willfullness.*—To constitute willfullness justifying the imposition of punitive damages, there must be a design, purpose, or intent to do wrong, and inflict the injury. To constitute wantonness, the person acting or failing to act must be conscious of his conduct, and without having an intent to injure, must be conscious from his knowledge of the existing circumstances and surroundings that his conduct will actually and probably result in injury.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Johnnie Taylor against the Birmingham Railway, Light & Power Company, for damages for injury to him as a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The court should have sustained

the demurrers to count 2.—*City Del. Co. v. Henry,* 139
Ala. 161. The evidence did not justify a submission of
the question of punitive damages to the jury.—*Parker's
Case,* 156 Ala. 253; *Merrill v. Sheffield Co.,* 169 Ala. 252.

GASTON & PETTUS, for appellee. The demurrers as-
signed were general and properly overruled.—Sec. 5340,
Code 1907; *Winkle v. Johnson,* 132 Ala. 268; *Bryant v.
A. G. S.,* 155 Ala. 374; *Moore v. Heineke,* 119 Ala. 627;
*So. Ry. Co. v. Weatherly,* 153 Ala. 171. Where there is
a particular averment followed by a general averment,
the particular averment controls.—*Johnson v. B. R. L.
& P. Co.,* 149 Ala. 529. The evidence warranted a sub-
mission of the question of punitive damages to the jury.
—*So. Ry. v. Shelton,* 136 Ala. 215; *B. R. L. & P. Co. v.
Williams,* 158 Ala. 381; *Pinkard's Case,* 124 Ala. 372.

THOMAS, J.—There were but two counts in the com-
plaint, one declaring on simple negligence, and the other
on wantonness or willfulness. Demurrers were inter-
posed to the complaint, and it is insisted here that the
second count was defective, in that it does not clearly
appear from its allegations whether it is a count in tres-
pass or a count in case, but that it is a blending of the
two, and is so mixed and confusing that it does not def-
initely inform the defendant as to what he is called
upon to defend—whether for a direct application of
force, done at its instance by and through its servants,
or merely for the consequences of the wantonness or
willfulness of such servants, acting within the line and
scope of their general employment in defendant's busi-
ness. Conceding that the first ground of the demurrer,
as insisted by appellant, raises this point (upon which
proposition we do not mean hereby to commit ourselves
for the future), yet we cannot agree to the construction
of the count as urged. We are of opinion that it is a

good count in case. It alleges, quoting only the part material in this connection, "that while plaintiff was such passenger, as aforesaid, the defendant's servants or agents in charge or control of said car, acting within the line or scope of their employment, wantonly or willfully inflicted upon the plaintiff the wounds and injuries set out in the first count of this complaint; and the plaintiff avers that his said wounds and injuries were the proximate consequence and caused by reason of the wantonness or willfulness of the defendant, its servants or agents, as aforesaid." While the words "caused by reason of the wantonness or willfulness of defendant, its servants or agents," standing alone, would indicate that the defendant is sued for a trespass, for an act which it committed, or in which it directly participated by and through its servants or agents (*City Delivery Co. v. Henry,* 139 Ala. 166, 34 South. 389), yet the count must be construed as a whole (*L. & N. R. R. Co. v. Johnson,* 162 Ala. 665, 50 South. 300), each part in connection with other parts with which it is grammatically associated. Immediately following the words quoted, and as a part of the same sentence, we find the words "as aforesaid;" hence it reads, "caused by reason of the wantonness or willfulness of the defendant, its servants or agents, *as aforesaid.*" Thus "as aforesaid" qualifies and limits this general averment, next before it, by referring back for its meaning and explanation to the particular averments in the count which had preceded it (*B. R., L. & P. Co. v. Parker,* 156 Ala. 53, 47 South. 138), and which show conclusively that the wantonness and willfulness complained of, and upon which the action is predicated, were that of the servants or agents of the defendant, acting within the line or scope of their employment, for the consequences of which defendant is responsible, and not that of the defendant itself, done

through such servants or agents acting by its direction. —*City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389. The lower court properly, therefore, overruled the demurrer to this count.

The defendant requested three charges, each of which was refused by the court, all varying in phraseology, but raising the one question here as to whether or not the trial court should have instructed the jury affirmatively that they could not assess any punitive damages in the case. If the act of the defendant's servants or agents, as a proximate consequence of which the injuries complained of were received, was either wanton or willful, or there was any evidence from which the jury could fairly infer it, the court, of course, properly refused the instructions requested. To constitute willfulness, there must be design, purpose, intent, to do wrong and inflict the injury. To constitute wantonness, the party doing the act, or failing to act, must be conscious of his conduct, and, without having the intent to injure, must be conscious, from his knowledge of existing circumstances and conditions, that his conduct will naturally and probably result in injury.—*L. & N. R. R. Co. v. Anchors,* 114 Ala. 499, 22 South. 279, 62 Am. St. Rep. 116. Wantonness has been again defined to be "the conscious failure of one, charged with the duty of exercising due care and diligence, to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure."—*B. R., L. & P. Co. v. Williams,* 158 Ala. 390, 48 South. 96.

The law ascribes, of course, the same degree of culpability to wantonness that it does to willfulness; and, while we find nothing in the evidence that would reasonably justify an inference of willfulness on the part of

[Birmingham Railway, Light & Power Company v. Taylor.]

defendant's servants in charge of the car, yet there were facts and circumstances in evidence which, if believed by the jury, are sufficient to warrant an inference of wantonness. And the court properly refused to with-draw that question from the jury by declining to give the instructions requested to this end.

The evidence for the plaintiff tended to show that at the time of the accident the plaintiff was a little boy, nearly eight years old, and became a passenger, with his mother and three others of her small children, aged ten, six, and two years, respectively, on one of defendant's street cars from Pratt City to Wylam. Upon reaching Thirty-Seventh street in the latter place, the mother rang for the car to stop. It did stop, two swinging gates were opened, a negro alighted, and the mother and her children, the baby being in her arms, were all on their feet to alight, the mother having reached the back of the car and the children the rear platform, and the plaintiff, who was in advance of the rest, having started down the steps, when suddenly the swinging gates were closed by the agent or servant in charge of the car, catching between them and fastening the plaintiff's hands, which were extended before him in holding a kite. While he was still in this position on the plat-form, inside the gates, with his hands so caught between them, and unable to release himself, the other children being on the platform, and the mother, with the baby in her arms, standing in the rear of the car, it was again started off. He and the other children screamed or cried out, and the car, after running a length and a half or two lengths, was again stopped, the gates thrown suddenly open, and the plaintiff, being released thereby, was precipitated, face forward, from the steps to the ground, where he fell on some rocks or slag, receiving part of the injuries complained of.

The conductor was at that time eating his breakfast in the car, and the motorman was looking after the passengers thereon; and, while he testifies that before he closed the gates and started the car off, after the negro mentioned had alighted, he looked back and saw no one else up and attempting to alight, yet, in the face of the evidence for the plaintiff, which we have detailed, it was for the jury to say whether the motorman was speaking truthfully when he swore he did not see anybody up and attempting to alight when he did look back, as he swore he did.—*Southern Ry. Co. v. Shelton,* 136 Ala. 215, 34 South. 194. If the jury believed from the evidence that he did, it was sufficient, coupled with the other evidence in the case for plaintiff, if also believed by them, to warrant an inference of wantonness.

We have disposed of all of the assignments of error, and the cause is affirmed.

Affirmed.