# Tennessee C. I. & R. R. Co. *v.* Rutledge.

### Assault and Battery.

(Decided May 11, 1916.   71 South. 990.)

1. **Master and Servant; Tort of Servant; Liability.**—The legal liability of an employer for the wrongful acts of its employees depends upon whether such employee was acting in the line and scope of his authority at the time the wrong was committed.

2. **Same; Evidence.**—Where the action was for assault and battery committed by an employee of defendant, declarations of the employee made immediately preceding the alleged assault and going to show that the servant had orders to remove plaintiff from the premises, in connection with other facts and circumstances in evidence, were admissible as tending to disclose the authority committed to the employee.

3. **Same; Fellow Servant; Doctrine Applied.**—The common law doctrine of assumption of risk of injury by one servant consequent upon the negligence of a fellow servant is without application to the case of an assault by a mine foreman upon a mine employee, the foreman having particular authority to eject him from the mine; the effect of the doctrine is limited to risks incident to the common employment.

APPEAL from Birmingham City Court.
Heard before Hon. JOHN C. PUGH.

Action by Jesse Rutledge against the Tennessee Coal, Iron & Railroad Company, for damages for an assault and battery. Judgment for defendant, which, upon motion, was set aside, and new trial ordered, from which judgment defendant appeals. Affirmed.

PERCY, BENNERS & BURR, for appellant. BEDDOW & OBERDORFER, for appellee.

McCLELLAN, J.—The appellee instituted this action against the appellant to recover damages for assault and battery alleged to have been committed upon the plaintiff by the defendant's "agent or servant, acting within the line and scope of his authority as such." Upon the conclusion of the evidence the court gave the general affirmative charge for the defendant. The plaintiff's motion for a new trial was granted, and from this ruling the appeal is prosecuted.

(1, 2) The legal accountability of the defendant for the wrongful acts of one in its employ or service depends, of course, upon whether the servant committing the wrong was, at the time, acting within the line and scope of his authority.—*Case v. Hulsebush*, 122 Ala. 212, 217, 26 South. 155; *Hardeman v. Williams*, 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653; Id., 169 Ala. 50, 53 South. 794. Higgins, who committed the alleged assault, was in the employ of the defendant as a foreman. The witness Johnson testified to declarations by Higgins, made immediately preceding the alleged assault, which went to show that Higgins had authority, "orders," to remove the plaintiff from the premises. There does not appear to have been any questioning of the admissibility of the declarations attributed by the witness to Higgins. Doubtless, that testimony was admissible, in connection with other facts and circumstances shown by the evidence, as tending to disclose the authority committed to the foreman (Higgins) in the premises.—*Pullman Co. v. Meyer*, 195 Ala. 397, 70 South. 763-765, and decisions therein cited.

(3) It is urged for appellant that, since the action does not seek to avail of the provisions of our Employers' Liability Act (Code, § 3910), the plaintiff should be and is concluded by the application of the common law doctrine of assumption by one servant of risks, incident to the common employment, of injury consequent upon the negligence of a fellow servant.—*Laughran*

[Southern Railway Co. v. Fricks.]

*v. Brewer*, 113 Ala. 509, 517, 21 South. 415. The doctrine's effect is at least limited to risks incident to the common employment. Assuming that plaintiff bore, at the time the alleged assault was committed upon him, the relation of servant to the common master (*L. & N. R. R. Co. v. Chamblee*, 171 Ala. 188, 54 South. 681, Ann Cas. 1913A, 977), it is manifest that if the testimony of the witness Johnson should be accepted as true by the jury, the foreman (Higgins) was not a fellow servant of the plaintiff, but was exercising, though abusing it may be, the particular authority conferred on him by the master to eject this plaintiff from the mine, an authority that, if conferred upon Higgins, and exercised, though abused by him, necessarily negatived an essential element of the common-law doctrine stated, viz., service by Higgins and plaintiff in the common employment of the defendant, in consequence of which service injury was inflicted upon plaintiff by Higgins. Indeed, the mentioned testimony of Johnson effected, if accepted, to disclose the authorization of Higgins to exclude plaintiff from defendant's service.

The court erred in giving the general affirmative charge for defendant, and hence did not err in granting the plaintiff's motion for a new trial.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.