(88 South. 40)

TUCKER et al. v. GRAVES.   (5 Div. 329.)

(Court of Appeals of Alabama.   Nov. 9, 1920.)

1. PARTNERSHIP ☞174 — PARTNERS SHOULD SEE THAT AGENTS AND EMPLOYÉS ACT WITH DUE CARE IN DISPENSING DRUGS.

It is the duty of a firm, as well as the individual members, engaged in the drug business, to see that their agents and employés act with due care and diligence in selling and dispensing drugs offered to the public.

2. PARTNERSHIP ☞125—PARTNER IS AGENT FOR FIRM AND OTHER PARTNERS WHEN ACTING WITHIN SCOPE OF BUSINESS.

Each partner is an agent for the firm and for the other partners so long as he is acting within the line and scope of the partnership business.

3. PARTNERSHIP ☞174—EACH PARTNER, AS WELL AS FIRM, IS LIABLE FOR THE NEGLIGENT ACT OF HIS COPARTNER IN THE COURSE OF PARTNERSHIP BUSINESS.

Each partner, as well as the firm, is liable to a third party for a negligent act of one of the partners, committed by him while acting within the scope of the partnership, from which damage naturally and proximately results.

4. PARTNERSHIP ☞200—ONE SUING A FIRM FOR TORT COMMITTED BY ONE MEMBER MAY STRIKE OUT FIRM AND ONE PARTNER.

Where a member of a firm of druggists negligently sold plaintiff poison, instead of a harmless medicine, all of the partners in the firm were liable as joint tort-feasors, and plaintiff could elect to sue one or all, and so, where all were joined, an amendment whereby the name of the firm and one partner were stricken, but which left in the allegations as to the firm, cannot be questioned, for the allegations as to partnership showed the status and relation of the other parties proceeded against.

5. DRUGGISTS ☞9—DUTY TO KNOW PURPOSE OF DRUGS SOLD.

It is the duty of druggists to know the purpose of drugs which they sell, and to employ persons who are capable of discriminating between them.

6. DRUGGISTS ☞10—FINDING THAT DRUGGIST, WHO GAVE PLAINTIFF POISON FOR HARMLESS MEDICINE, WAS NEGLIGENT HELD WARRANTED.

Finding that a druggist gave plaintiff, calling for paregoric, a poisonous arsenical compound, without labeling the same as poison, was negligent, held warranted.

7. PLEADING ☞30 — OBVIOUS OMISSION OF WORD IN COMPLAINT MAY BE SUPPLIED.

In an action by plaintiff, who called for harmless remedy and was given poison, not labeled, a count, relying on Code 1907, § 7552, which alleged that defendant delivered the poison without making inquiry and finding that plaintiff was aware of its character, is not bad because the concluding averment that the injuries were the proximate result of the failure of defendant to label the preparation, and of his delivering the same, "inquiring whether the plaintiff was aware" of its character, because of the omission of the word "without," wherefor omission may be supplied.

8. APPEAL AND ERROR ☞1039(2)—DEFECT IN ONE COUNT IMMATERIAL, WHERE JUDGMENT CAN BE SUPPORTED ON OTHERS.

That one count of a complaint is defective is immaterial, where the judgment can be supported on others.

9. DRUGGISTS ☞10—COMPLAINT SUFFICIENT TO CHARGE NEGLIGENCE.

A complaint, alleging that plaintiff applied to defendant druggist for paregoric, a harmless remedy, that he was waited on by one of the partners, and, instead of furnishing him with paregoric, such partner negligently delivered to him a poisonous drug, unlabeled, and that he was injured as a result of taking the dose, held sufficient to state a cause of action, showing the duty owed by defendants to plaintiff, a breach of such duty, and damage.

10. DRUGGISTS ☞10—COMPLAINT IS SUFFICIENT, THOUGH IT MERELY ALLEGED THAT POISONOUS DRUG WAS SOLD.

In an action against a druggist, who it was charged furnished plaintiff poisonous drug in place of harmless remedy, the description of the drug as poisonous is sufficient.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. DRUGGISTS ☞10 — ALLEGATION OF RESULT OF TAKING POISON HELD SUFFICIENT.**

A complaint, charging that druggists negligently dispensed poison in place of a harmless remedy, and that as a result of taking the same plaintiff's kidneys and bowels were permanently injured, is sufficient against general demurrer, though not stating the technical diseases or injuries.

**12. APPEAL AND ERROR ☞194(1)—APPELLATE COURT CANNOT CONSIDER PLEA AS TO WHICH NO DEMURRER WAS ADDRESSED.**

On appeal by defendants from an adverse judgment, the appellate court cannot consider a plea as to which no demurrer was addressed.

**13. PARTNERSHIP ☞213(1)—PLEA THAT DEFENDANTS WERE NOT PARTNERS COMPOSING A FIRM ALLEGED TO CONSIST OF DEFENDANTS AND ANOTHER HELD BAD.**

In an action against partners as such wherein the allegations of partnership were as to a firm composed not solely of defendants, but of defendants and another, a plea, which merely stated that defendants were not partners composing the firm, *held* bad.

**14. WITNESSES ☞370(1) — QUESTION AS TO WHETHER SALE OF DRUG HAD BEEN PREVIOUSLY REFUSED NOT PROPER TO SHOW ILL FEELING.**

In an action for injuries suffered by plaintiff who was given poisonous compound in place of paregoric by one of a firm of druggists, question on cross-examination whether plaintiff had tried to buy paregoric and been refused was properly excluded, not being proper to show ill feeling between parties.

**15. EVIDENCE ☞537—PHYSICIAN OF LONG STANDING MAY GIVE OPINION EVIDENCE AS TO AILMENT FROM WHICH PARTY WAS SUFFERING.**

In an action by plaintiff, who claimed to have suffered injuries from being given arsenical poison in place of harmless remedy, it was proper to allow physician of long standing, etc., to give opinion testimony as to what plaintiff was suffering from.

**16. APPEAL AND ERROR ☞760(1)—ASSIGNMENT OF ERROR CANNOT BE CONSIDERED, WHERE PAGE OF RECORD DID NOT CONTAIN ASSIGNMENT.**

An assignment of error insisted on in the brief cannot be considered, where the page of the record to which attention was directed did not contain the assignment noted.

**17. WITNESSES ☞384 — MEDICAL EXPERT CANNOT BE IMPEACHED BY EVIDENCE AS TO STATEMENTS OF TREATMENT.**

In an action against druggist for selling poison unlabeled in place of harmless remedy, a physician, testifying in behalf of plaintiff, cannot be impeached by evidence as to his statements concerning treatment, etc.

**18. TRIAL ☞45(3)—OFFER OF PROOF NECESSARY.**

Where defendant's counsel did not state what he expected to prove by a question to which objection was sustained, the sustaining of such objection will not be held erroneous.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action by Henry M. Graves, against Arthur L. Tucker and others, individually and as partners, doing business under the firm name and style of Palace Pharmacy, for damages for personal injuries in the sale of drugs. Judgment for the plaintiff, and defendants appeal. Affirmed.

The first count alleges that the defendants were doing business as retail druggists and pharmacists in the town of Camp Hill, and that the plaintiff applied to them for paregoric, a safe and harmless medicine, and was waited upon by Arthur L. Tucker, who was acting in said business as a member of the firm, and was in the line and scope of his duties, and that, instead of furnishing him with the paregoric, Tucker negligently furnished, sold, and delivered to him a noxious, baneful, and poisonous drug in a six-ounce bottle, the said bottle being wrapped at the time it was delivered to the defendant, and that the plaintiff, believing the same to be paregoric, administered some to himself, and was caused to suffer great and excruciating pain, and made sick and sore, and that his kidneys and bowels were permanently injured, and that said injuries were proximately caused by the negligence of the aforesaid.

Count 3 is based upon a violation of section 7552, Code 1907, and avers that Arthur L. Tucker, a member of the partnership, while acting within the line and scope of his duties, and while acting as druggist and pharmacist for the defendant, retailed to the plaintiff a preparation of arsenic, which was a poison, without labeling the vessel in which it was contained with the name of the article and with the word "poison" thereon, and delivered said poison to the plaintiff without making inquiry and finding that the plaintiff, who was the purchaser thereof, was aware of the poisonous character of said preparation of arsenic. After averring that the plaintiff administered the same to himself, believing it to be a safe and harmless drug, and after averring his injuries, the count concludes as follows:

"Plaintiff alleges that his said injuries proximately caused by the failure of said Arthur L. Tucker to label said preparation of arsenic with the word 'poison,' and by his delivering the same to the plaintiff inquiring whether the plaintiff was aware of its poisonous character."

Plea 5, as it appears of record, is a sworn plea as follows:

"The defendants are not now, and were not at the time of the alleged sale, of said drug, partners composing the Palace Pharmacy."

The following are the assignments of error referred to in the opinion:

"(10) Overruling the objection of the defendants to the following question propounded by

plaintiff to the witness Coggins, 'Now, in your judgment from the symptoms as you saw them there, and the condition that you have said you found Mr. Graves in—from what, in your opinion, was he suffering?' "

"(20) Sustaining objection to the following question asked by the defendant of the witness Wood: 'What did Dr. Coggins state he was treating him for?' "

"(19) In sustaining the objection of the plaintiff to the question asked Arthur L. Tucker by defendant's counsel. [The question does not appear, nor is the page of the transcript referred to.]"

"(21) In sustaining plaintiff's objection to the following, asked Arthur L. Tucker by the defendant: 'Did he ask you to pay him some money?' "

"(23) Same witness, 'What did he say about that, about how much?' "

The other facts sufficiently appear.

James W. Strother, of Dadeville, for appellants.

The burden to establish negligence was on the plaintiff, and the evidence was equally consistent with the nonexistence of negligence. 1 Bailey's Personal Injury, 560–568. The mere conjecture is not sufficient. 173 Ala. 639, 55 South. 821. The mere sale of the drug did not establish prima facie case. His actual negligence must be shown. 13 Ind. App. 674, 42 N. E. 303, 55 Am. St. Rep. 251; 38 Neb. 150, 56 N. W. 697, 41 Am. St. Rep. 728. Liability of a druggist is the same as that of a physician or other person requiring special skill or knowledge. 132 N. Y. 91, 30 N. E. 482, 15 L. R. A. 166, 28 Am. St. Rep. 556. The evidence did not authorize the assessment of punitive damages, nor the submission of that question to the jury. 76 Ala. 176; 134 Ala. 229, 32 South. 728; 2 Ala. App. 586, 56 South. 760; 2 Ala. App. 629, 56 South. 838. On these authorities, counsel based his insistence on his assignments of error.

Barnes & Walker, of Opelika, for appellee.

Each partnership was liable to the tort. 115 Ala. 247, 22 South. 465; 20 R. C. L. 914. The plaintiff therefore had the right to sue the firm or one or more of its members. 20 R. C. L. 914; 30 Cyc. 122. Druggists are required to use extraordinary skill and the highest degree of care. 14 Cyc. 1085; 13 Ind. App. 674, 42 N. E. 303, 55 Am. St. Rep. 251; 50 W. Va. 644, 41 S. E. 190, 57 L. R. A. 428, 88 Am. St. Rep. 909. The matter is res ipsa loquitur. 104 Ala. 611, 16 South. 620; 166 Ala. 427, 52 South. 28. The jury was authorized to find as they did find. 40 Ind. App. 428, 81 N. E. 600; 112 Ky. 588, 66 S. W. 388, 56 L. R. A. 484, 99 Am. St. Rep. 308; 208 N. Y. 108, 101 N. E. 799, 47 L. R. A. (N. S.) 693, Ann. Cas. 1914D, 49; 6 N. Y. 397, 57 Am. Dec. 455; 192 N. Y. 156, 84 N. E. 956, 18 L. R. A. (N. S.) 726, 127 Am. St. Rep. 894; 207 Mich. 655, 175 N. W. 182; (Tex. Cr. R.) 180 S. W. 1105.

SAMFORD, J. For convenience we will consider the assignments of error in the order in which they are presented in brief, confining the discussion to such points as are properly insisted upon.

[1-3] By the averments of the complaint, as amended, the defendants were members of a firm of merchants engaged in selling drugs to the public. It was therefore the duty of the firm and of each individual thereof to see to it that in its dealings with the public its agents and employees acted with due care and diligence in selling and dispensing the drugs which they, as a firm, were offering to the public for sale. Each partner was acting as agent for the firm, and for the other partners, so long as he was acting within the line and scope of the partnership business. Orr, Jackson & Co. v. Perry, 16 Ala. App. 658, 81 South. 150. As such, each partner, as well as the firm, would be liable to a third party for a negligent act of one of the partners, committed by him while acting within the scope of the partnership, from which damage was sustained by plaintiff, resulting naturally and proximately from the tort of the partner. Collyer on Partnerships, section 457; Williams v. Hendricks, 115 Ala. 277, 22 South. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32.

[4] The partners being liable as joint tortfeasors for the negligent act of a partner, acting within the line and scope of the firm's business, the plaintiff had his election to sue either one or all, and the fact that the suit was originally brought against all, and was afterwards amended by simply striking out the firm and one member as defendants and leaving the allegation as to the partnership, did not affect the plaintiff's right to recover as against the remaining defendants, and the allegation of partnership remaining in the complaint fixed the status of the relations of the parties composing the firm as to their several liability in respect to third parties. The partnership, as a defendant, was stricken, but the allegations of partnership to fix liability remained, and was necessary. It follows that the assignments of error based upon the theory hereinabove discussed are not well taken.

[5, 6] Appellants' next contention is that plaintiff (appellee) could not recover without proof of negligence, and contends that no such proof is offered. The evidence for plaintiff tended to show that defendants were engaged in a mercantile business, selling and offering for sale drugs to the public generally; that plaintiff applied to one of the partners at their place of business, and asked for and offered to buy six ounces of paregoric, a harmless drug; that, instead of the drug for which he asked, defendant gave

him a poison in a six-ounce bottle, without telling plaintiff it was poison, or without in any way indicating the drug was other than that called for; the plaintiff, relying on defendant, took a dose of the drug, and was seriously injured. It is the duty of druggists to know the purposes of drugs which they sell, and to employ such persons who are capable of discriminating between them. Brown v. Marshall, 47 Mich. 576, 11 N. W. 392, 41 Am. Rep. 728. It was the duty of defendant to have sold plaintiff paregoric, the harmless drug; instead, defendant delivered to plaintiff a poisonous drug. This was a breach of duty, and while, perhaps, not sufficient in itself to show actionable negligence, when taken and considered with the other facts incident to the sale, as shown by the record, was sufficient to warrant the court, sitting as a jury, to find that the defendant was guilty of negligence in the sale. There is reputable authority to the effect that the mistake by a druggist, in giving a poisonous, in place of a harmless, drug, is res ipsa loquitur, and in itself sufficient to impute negligence, but under the facts of this case it is not necessary to go to that extent in this discussion.

[7, 8] The omission of the word "without" before the words "inquiring whether," etc., is so obvious, when the entire count is read, that the omission would be supplied if it was necessary to do so, but if the count were bad, the judgment would be referred to counts 1 and 2, which are good.

[9] The allegations of the complaint specifically show the duty owing by the defendant to the plaintiff, a breach of that duty, a general averment of negligence in the breach, and a damage as the proximate result. This is sufficient. Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 933; Birmingham, etc., R. Co. v. Stagg, 196 Ala. 612, 72 South. 164.

[10, 11] The description of a drug, in a complaint alleging its negligent sale, is sufficient, where it is designated as being poisonous, as contradistinguished from harmless, the word "poisonous" having a well-defined and definite meaning in describing drugs and their general effects upon the system. The averment of injury to plaintiff, although not stating the technical disease to his lungs and kidneys, caused by the poison, was sufficiently definite, and not subject to the demurrer interposed.

[12, 13] No demurrer to defendants' plea 5 is shown by the record, and hence this court cannot pass upon it, but we may say that if such demurrer was in fact filed, assigning proper grounds, it should have been sustained, as the plea does not allege that these two defendants were not members of a partnership doing business under the firm name of Palace Pharmacy, and might have been stricken on the ground that it was immaterial. As has already been seen, the allegations of partnership were as to a firm composed of defendants and another, and not of a firm composed solely of defendants. The averments were necessary to show agency, and did not affect plaintiff's right to sue either one or the other. So that, a plea averring that defendants (alone) composed the firm was immaterial, and no answer to the complaint. Besides, if the plea had denied the existence of the partnership charged, it would have been available to defendant under the plea of the general issue.

[14] The eighth and ninth assignments of error are based upon the court's refusal to permit defendant's counsel to ask plaintiff on cross-examination as to whether plaintiff had tried to buy paregoric from defendant and had been refused. It is now insisted that defendant was offering to prove ill feeling on the part of plaintiff towards defendant. The question was not proper for this purpose, and the objection was properly sustained. Besides, the defendant's counsel did not state to the court his purpose in asking the question or what he expected the answer to be.

[15] The tenth assignment of error is not well taken. The witness had qualified as an expert, graduate, and practicing physician of long standing, and was, under the evidence, competent to testify as to the symptoms on plaintiff and the effect of poisons in general. The above applies to assignments 11, 12, 13, 14, and 15.

[16] The nineteenth assignment of error, insisted on in brief of counsel, is not properly assigned, in that the page of the record to which attention is directed does not contain the exception noted.

[17] The questions made the basis of assignments 20 and 21 were not the proper way to impeach the testimony of the witness Coggins, objections to which were properly sustained.

[18] The defendant did not inform the court as to what he expected to prove by asking the question made the basis of assignment 23, and therefore the trial court will not be put in error for sustaining the plaintiff's objection.

The remaining assignments of error are not insisted upon in brief, and are therefore waived.

We find no error in the record, and the judgment is affirmed.

Affirmed.