(95 South. 151)

### ALABAMA POWER CO. v. STOGNER.
### (8 Div. 347.)

(Supreme Court of Alabama. Dec. 14, 1922. Rehearing Denied Jan. 25, 1923.)

**1. Pleading ☞34(1)—Construed as a whole.**

A count in a complaint must be construed as a whole in determining its sufficiency.

**2. Street railroads ☞110(1)—Complaint held to charge negligence of employé acting within scope of employment.**

A simple negligence count of a complaint relying on the negligence of street railway employé, alleging that "defendant's servants, agents, or employés in control or operating one of defendant's cars aforesaid over and along said railway," negligently operated the same so as to cause the injury complained of, when construed with other allegations of defendant's ownership and operation of the railway at the place of injury, *held* to sufficiently allege that defendant's employés were acting within the scope of their employment.

**3. Death ☞24—Contributory negligence of father defense to action for child's death.**

Where a father brings suit under Code 1907, § 2485, in his individual capacity, and not in his representative capacity, for the wrongful death of his infant child, his contributory negligence may be pleaded as a defense.

Thomas, J., dissenting.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by H. H. Stogner against the Alabama Power Company, for damages for wrongful death of his infant son. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Defendant interposed pleas of contributory negligence as follows:

"Third. Plaintiff, who was the father of the said Willie Stogner, proximately contributed to the injuries and death complained of by his own negligence in this: Plaintiff was near and in charge of the said Willie Stogner, and knew that street cars would likely come along said track at any time, and that Willie, his minor son, was likely to get on the track and in a place of danger, and yet carelessly and negligently failed to look after said Willie Stogner and to keep him off the track.

"Fourth. Plaintiff, who was the father of said Willie Stogner, proximately contributed to the injuries and death complained of by his own negligence in this: Plaintiff knew that his said son was small and liable to wander into places of danger, and was in charge of the boy at the time, and knew that a street car was approaching on said track, and yet carelessly failed to watch his son and restrain him from going on said track.

"Fifth. Plaintiff was the father of said Willie Stogner, and was near him at the time of the injuries complained of, and was so situated that he could have seen or heard the approaching car, and could have restrained his little son from going on the track in front of the approaching car, and yet heedlessly allowed the boy to go on the track in such close proximity thereto that he was in danger of being struck, and was struck, thereby, and by his negligence in this respect he proximately contributed to the injuries and death complained of.

"Sixth. Plaintiff was the father of said Willie Stogner, and was near him at the time referred to in said count, and was so situated that he could have seen the approaching car in time to have prevented his son from going on the track or putting himself in a position to be struck thereby, and was so situated with respect to the boy that he could have prevented him from so doing, but he carelessly failed to observe the approach of the car and allowed the boy to get on the track in such position as to be struck by the car, and thereby proximately contributed to the injuries complained of.

"Seventh. Plaintiff, who was the father of said Willie Stogner, a child of tender years, well knowing that said child was in a street where street cars were likely to pass at any time, and where vehicles were passing at fre-

quent intervals, left said child unattended in said street, running at large therein, and by his negligence in this respect proximately contributed to the injuries and death complained of."

Plaintiff demurred to said pleas on the grounds that the same constituted no defense to the action, and the demurrer was by the trial court sustained.

Spragins & Speake, of Huntsville, and Perry W. Turner, of Birmingham, for appellant.

The first count, relying upon the negligence of an employé, was subject to demurrer for failure to allege that he was acting within the scope of his employment. 186 Ala. 92, 64 South. 614; 7 Ala. App. 548, South. 601; 177 Ala. 324, 58 South. 286; 196 Ala. 670, 72 South. 305; 196 Ala. 59, 71 South. 990; 207 Ala. 435, 93 South. 22. In an action by the father (as father, and not as administrator) for negligent injury, causing the death of his minor child, the father's contributory negligence is a complete defense. 169 Ala. 327, 53 South. 150; Beach on Cont. Neg. 142; 101 Ala. 219, 12 South. 770; 24 Ohio St. 670; 99 Pa. 301, 4 Am. & Eng. Ry. Cas. (N. S.) 569; 83 Ala. 371, 3 South. 555, 3 Am. St. Rep. 751; 116 Ala. 509, 22 South. 913; 91 Ala. 635, 9 South. 77.

R. E. Smith and C. L. Watts, both of Huntsville, for appellee.

Count 1, when construed as a whole. though it does not contain the words "within the scope of the servant's employment," does contain allegations of fact comprehending said averment, and is not subject to demurrer. 162 Ala. 665, 50 South. 300; 88 Ala. 558, 7 South. 188. The Homicide Act was enacted for the benefit of society, to prevent homicides, and to punish the wrongdoer. The naming of the beneficiaries who are entitled to the damages recovered is a mere incident to the right of action given. The damages recoverable are punitive, under either section 2484 or 2485. 205 Ala. 626, 88 South. 908; 202 Ala. 502, 80 South. 790; 177 Ala. 349, 58 South. 392; 191 Ala. 398, 67 South. 604; 125 Ala. 593, 28 South. 510; 116 Ala. 509, 22 South. 913; 1 Ala. App. 376, 56 South. 105. The distinction between the character of damages recoverable under the said statutes in Williams v. S. & N., 91 Ala. 638, 9 South. 77, was dictum, and the cases of A. G. S. v. Dobbs, 101 Ala. 219, 12 South. 770; So. Ry. v. Shipp, 169 Ala. 327, 53 South. 150, and A. G. S. v. Burgess, 116 Ala. 509, 22 South. 913, followed the confusion in the Williams Case.

THOMAS, J. This was an action by appellee for recovery of damages for the alleged wrongful killing of Willie Stogner, his four year old son. brought under the provisions of section 2485 of the Code of 1907.

The first count of the amended complaint ascribed the death to simple negligence of defendant's servants, agents, or employés in operating one of defendant's street cars. The second count ascribed said death to a wanton act. Demurrers to the complaint as amended were overruled. The court gave the affirmative charge for the defendant as to count 2. Defendant filed a plea of not guilty, and pleas 2 to 7, inclusive, alleging contributory negligence of the father.

The injury occurred at 9 o'clock at night in the city of Huntsville, on West Clinton street, along and on which defendant's track was laid, at the grade of the street. This street runs east and west, and is paved with brick between and outside the rails of the street car track. The accident occurred at the place specifically indicated in amended count 1, and about opposite the plaintiff's home, which was located on the south side of said street. Plaintiff, his wife and two children had just alighted from their automobile on the north side of the street, and the mother, with a younger child, had crossed the street, and was near the steps of their home when the child that was killed started across the track, was struck and injured by a street car of defendant approaching from the west, the child dying a few hours after such injury. Plaintiff's evidence showed that after he (the father) drove his car up to and stopped at the curb at a point on the north side of the street car track his wife and children alighted and crossed, or attempted to cross, the street car track to the south side, when decedent was killed. Plaintiff, having alighted from his automobile, went around in front to the right-hand side thereof to get something out of his vehicle. As a witness the plaintiff testified:

"When I noticed Willie Stogner he was leaving the car. He walked to the left, * * * then he came around in front of the car to look at the lights. At that time I was getting the groceries out of the car, and he was there noticing the lights. The next thing I noticed of him he had gotten as far as the rail of the track. I heard a car coming, and I said 'Hurry on, son; there is a car coming.' I thought he had gone on, but in the meantime I noticed that a car was approaching, and instead of him going on he stopped perfectly still over the first rail of the street car line facing me. * * * I went around the front of my car, and came back in the direction (indicating east) from my car. I wasn't running, but I was moving pretty peart. The car was 30 or 40 feet from the boy when I saw him standing on the track. I ran to where my boy was. I reached out to get him, and just touched his overcoat sleeve, and the car hit me and knocked me over by my car."

The motorman testified:

That when he first saw the boy he was running from an automobile straight across the car line; that "my car was something like 10 or 12 feet from him at that time; * * *

he was still on that part of the street the track was not on. He continued until he got to the track. When I first saw him I rang the bell and tightened down my brakes, and made every effort I could to stop the car, but I was so close to him that I could not stop before I hit him. I reversed the car and tightened my brakes. The light on that car was burning bright * * * and the brake on the car was in good fix."

Further: That the car ran about 75 feet after it struck the boy before it was stopped, and that the car wheels did not run over the boy, but pushed him along.

The only passenger on the street car testified that the car came to a sudden stop, and ran about 25 feet after striking the boy. The street was straight for a considerable distance west of the point of the accident, and in the direction whence the street car approached. The child was taken from under the front wheel of the street car at a point 160 feet (according to the evidence of plaintiff's witnesses) east of where he was struck. There was material conflict in the evidence as to the speed of the car and as to whether the headlight was burning. B. & A. R. Co. v. Campbell, 203 Ala. 296, 299 (9, 10). 82 South. 546.

[1, 2] The simple negligence count as amended relied upon the negligence of an employé— "defendant's servants, agents, or employés in control or operating one of defendant's cars aforesaid over and along said railway." Its averments, when considered as a whole, as they must be (N. A. R. Co. v. Mitchell, 205 Ala. 448, 88 South. 558; L. & N. R. Co. v. Johnson, 162 Ala. 665, 50 South. 300), are of the following facts at the time and place of the injury:

(1) That defendant owned and operated a street railway along the designated street in the city of Huntsville, and which "railway was laid upon and at the grade of said street;" (2) that "defendant did own and operate on and over said railway, and on and over that part of said railway (describing specifically the point of the injury) cars propelled by electricity, for the purpose of carrying passengers for hire;" (3) that, while Willie Stogner, four year old infant of the plaintiff, was crossing said street and railway at the point averred, "the defendant's servants, agents or employés, in control or operating one of defendant's cars aforesaid over and along said railway, did so negligently control or operate the same as to propel the same against the said Willie Stogner, and as a proximate result of said negligence caused his death, to the damage of the plaintiff as aforesaid."

A ground of demurrer was:

"It does not appear therefrom that the said agents, servants or employés were acting within the scope of their employment."

The same was not efficacious for the reason stated in L. & N. R. Co. v. Johnson, supra. The allegations of fact contained in the whole count were:

That "defendant's servants, agents and employés in control or operating one of defendant's cars aforesaid over and along said railway did so negligently control or operate the same so as to propel the same against the" intestate, and unmistakably refer to car or cars owned and operated by defendant over the railway at the time and place indicated in said city "by electricity, for the purpose of carrying passengers for hire," etc., and by defendant corporation engaging in the business of operating "a street railway through and along certain streets and alleys and highways of the city of Huntsville," etc.

The requirement of allegations that the damnifying act was within the range and scope of the employment of the agent while he was engaged in performing the service for the master and for which he had been employed or to which he had been assigned by due authority, was met by the facts averred in L. & N. R. Co. v. Johnson, supra. It was there recognized that, in order for a principal to be charged with liability for a tort committed by his agent, it is incumbent upon a plaintiff to aver and prove that the act or omission complained of occurred or was done under such circumstances as to render the master or principal liable for it; and it was stated that "there are no patented words for charging the misconduct imputed to have been committed or omitted 'within the scope of the servant's employment,'" it being declared that the averment of a complaint, when read as a whole, is sufficient if the facts averred "show that the agent, when committing the wrong, bore such a relation to the defendant as to render the latter liable for the misconduct complained of." This was a due application of the cardinal rules of pleading requiring that a cause of action be made of a duty and its breach; that is, required to be so stated as that the relationship from which the duty springs is shown by the facts alleged. The breach of duty may be averred by way of a conclusion. Ala. F. & I. Co. v. Bush, 204 Ala. 658, 86 South. 541; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 933; L. & N. R. Co. v. Johnson, supra; Tucker v. Graves, 17 Ala. App. 602, 88 South. 40.

It may be said in passing that the application of the rule of pleading on which was rested the ruling on complaint in L. & N. R. Co. v. Johnson, supra, is not in conflict with Wise v. Curl, 177 Ala. 324, 58 South. 286, a case against a sheriff and his deputies for wrongfully shooting plaintiff's intestate; Addington v. Amer. Casting Co., 186 Ala. 92, 64 South. 614; T. C. I. & R. Co. v. Rutledge, 196 Ala. 59, 71 South. 990, for assault and battery in removing plaintiff from defendant's premises; Morrison v. Clark, 196 Ala. 670, 72 South. 305, for wanton act of collision on highway; Ala. Power Co. v. Conine, 207 Ala. 435, 93 South. 22—and was a proper application of the rule recognized and applied to counts in said cases. In Addington

v. Amer. Casting Co., supra, the instrumentality averred to have been employed in the alleged agency was a wagon and team that could be driven anywhere by the person who happened to be the defendant's agent, and may or may not have been employed in the master's business at the time of the collision. The count condemned (3) in Ala. Power Co. v. Conine, supra, charged that wires of the defendant carrying a high voltage of electricity were on the ground in a public place, which fact was known to defendant's agent, servant or employé, and were permitted to remain, etc. Non constat this failure to remove the wires from the ground might have been known and charged to a servant, agent, or employé of the defendant having no authority or opportunity to report or remedy the same. Hence the necessity in such case of the averment of the fact that the agent, servant, or employé, whose authority and duty it was to act on such knowledge of the dangerous condition of the wire, was at the time of his failure to act as to the subject-matter and defendant's duty to the public, acting within the line and scope of his employment. Count 1 as amended was not subject to the grounds of demurrer interposed. And in the foregoing all the Justices concur.

[3] Defendant sought to interpose pleas of contributory negligence on the part of plaintiff, who sues as the father of the deceased infant, to which demurrers were sustained. The view of the majority on this question is thus stated:

"A majority of the court, composed of ANDERSON, C. J., McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., are of the opinion, and so hold, that, this suit having been brought by the parent in his individual and not representative capacity, the pleas setting up his contributory negligence were not subject to the plaintiff's demurrer, and that the trial court erred in sustaining said demurrer. They base their holding on the cases of A. G. S. R. R. v. Dobbs, 101 Ala. 219, 12 South. 770; A. G. S. R. R. v. Burgess, 116 Ala. 515, 22 South. 913; Sou. Ry. v. Shipp, 169 Ala. 334, 53 South. 150; Jones v. Strickland, 201 Ala. 138, 77 South. 562. They think that the Dobbs Case, supra, is in point, was decided 30 years ago, has been repeatedly cited and approved, and is now stare decisis. Moreover, several Codes have been adopted since the rendition of same and no change has been made in the statute under which the suit was brought in said Dobbs Case."

The writer dissents on this point for reasons now to be stated. It will be borne in mind that the original Homicide Act (Code, § 2486, 1871-72, p. 83) gave the right of action to a personal representative, and did not give the right to a parent to sue for the wrongful death of a minor child; such right of action was originally provided by Acts 1871-72, p. 82, and was extended to a father or mother as such by the act of Janu-

ary 23, 1885 (Acts 1884-85, p. 99), and codified as section 2485 of the Code of 1907. "The sole purpose and effect of this statute was to extend" to the father, and, in certain contingencies, to the mother (sections 2484, 2485, Code 1907; Acts 1871-72, p. 82), "the right of action already lodged in the personal representative" (Code, § 2486; Lovell v. DeBardelaben C. & I. Co., 90 Ala. 13, 16, 7 South. 756; Harris v. McNamara, 97 Ala. 181, 12 South. 103). This right was of suit, for a "wrongful act or omission of another causing 'the death of a person,' if the former [decedent] could have maintained an action against the latter for the same wrongful act or omission had it failed to produce death" (Acts 1871-72, p. 83, under first statute), and "for the wrongful act, omission, or negligence," etc., resulting in a homicide under the present statute (Code 1907, § 2486). Of this right, or relating to the wrongful death of a minor child, Mr. Chief Justice Brickell said:

"We know of no principle of law, which will justify a denial of the child's legal rights, because of the failure of the parent to extend to him the protection which the law demands. When the parent fails in this duty, there would seem to be greater reason for extending to the child a higher degree of civil protection. * * * If a child should be abandoned by his parents, thrown out as a mere waif on society, it is not possible it seems to us, that one who negligently inflicts on it an injury, can be heard to invoke the parent's crime, to shield himself from liability for wrong. It seems repulsive to our sense of justice, that because the parent is negligent of his child, others may with impunity, be equally negligent of its helplessness, and equally indifferent to its necessities. The law may not compel active charity for the relief of the child, but it does shield him from positive wrong or neglect. Without inquiring therefore, whether negligence can be imputed to the parents of the plaintiff, because they permitted him to go into a crowded street of a populous city, unattended except by a brother not capable of protecting him, we do hold, that if it were negligence, it cannot be charged to the plaintiff or affect his right of recovery in this case." Government St. Ry. v. Hanlon, 53 Ala. 70, 82.

It is now established in this court: (1) That damages recoverable for homicides provided and declared in the two statutes respectively are (section 2485) "and in any case shall recover such damages as the jury may assess," and (section 2486) "recover such damages as the jury may assess." (2) That the purpose of each statute is to prevent homicides. (3) Under section 2486 the damages are declared, by an unbroken line of decisions, to be punitive. L. & N. R. Co. v. Tegner, 125 Ala. 593, 599, 28 South. 510; A. G. S. R. Co. v. Burgess, 116 Ala. 509, 515, 22 South. 913; Buckalew v. T. C. I. & R. Co., 112 Ala. 146, 160, 20 South. 606; K. C., M. & B. R. Co. v. Phillips, 98 Ala. 159, 168, 13 South.

65; K. C., M. & B. R. Co. v. Sanders, 98 Ala. 293, 300, 13 South. 57; R. & D. R. Co. v. Freeman, 97 Ala. 289, 292, 294, 11 South. 800; G. P. R. Co. v. Lee, 92 Ala. 262, 9 South. 230; E. T. V. & G. R. Co. v. King, 81 Ala. 177, 2 South. 152; Kennedy v. Davis, 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225; S. & N. A. R. Co. v. Sullivan, 59 Ala. 272; S. & M. R. Co. v. Shearer, 58 Ala. 672; L. & N. R. Co. v. Robinson, 141 Ala. 325, 37 South. 431; Randle v. B. R. L. & P. Co., 169 Ala. 314, 53 South. 918; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 South. 604; Dowling v. Garner, 195 Ala. 493, 496, 70 South. 150; C. of Ga. R. Co. v. Ellison, 199 Ala. 571, 75 South. 159; B. S. R. Co. v. Harrison, 203 Ala. 284, 82 South. 534; Gulf States Steel Co. v. Jones, 204 Ala. 48, 49, 85 South. 264. So, also, under Code, § 2485, since the decision in L. & N. R. Co. v. Bogue, 177 Ala. 349, 360, 58 South. 392, the damages are punitive (Gulf States Steel Co. v. Justice, 204 Ala. 577, 583, 87 South. 211; Allen v. Alger-Sullivan Lbr. Co., 204 Ala. 92, 85 South. 278; L. & N. v. Cross, 205 Ala. 626, 629, 88 South. 908; L. & N. R. Co. v. Phillips, 202 Ala. 502, 80 South. 790; Renfroe v. Collins & Co., 201 Ala. 489, 78 South. 395; Burnwell Coal Co. v. Setzer, supra; T. C. I. R. Co. v. Herndon, 100 Ala. 451, 14 South. 287; Hull v. Wimberly & Thomas Hdw. Co., 178 Ala. 538, 59 South. 568; L. & N. R. Co. v. Perkins, 1 Ala. App. 376, 56 South. 105; L. R. A. 1916E, 164, n.), and not compensatory, as theretofore held in Williams v. S. & N. A. R. Co., 91 Ala. 635, 9 South. 77; L. & N. R. A. Co. v. Orr, 91 Ala. 548, 8 South. 360, L. & N. R. Co. v. Robinson, 141 Ala. 325, 328, 37 South. 431. (4) That the proceeds of recovery under the homicide statutes are not subject to administration, and are merely to be distributed to the beneficiaries named in the statute. Kuykendall v. Edmondson, 205 Ala. 265, 87 South. 882; Griswold v. Griswold, 111 Ala. 572, 577, 20 South. 437; Newell v. Bushard, 204 Ala. 73, 85 South. 274; Kennedy v. Davis, supra; White v. Ward, 157 Ala. 345, 47 South. 166, 18 L. R. A. (N. S.) 568; Cent. Iron & Coal Co. v. Hamacher, 248 Fed. 50, 160 C. C. A. 190. (5) The recovery is had under section 2485, for the parent suing, or for decedent's next of kin, under the statute where suit is by a personal representative. T. C. I. R. Co. v. Herndon, supra; White v. Ward, supra; Gulf States Steel Co. v. Justice, supra; L. R. A. 1916E, 169, n. The damages recovered under section 2486 are for distribution according to the statutes of descent and distribution. Griswold v. Griswold, supra. (6) When the suit is by a personal representative it is in the execution of a trust imposed by statute on an "agent of legislative appointment," separate and distinct from the administration of decedent's general estate. The right to "prosecute" for a wrongful death under the homicide statutes (sections 2485, 2486) is vested in the personal representative of the decedent under conditions indicated, who, in maintaining the action, does so, not strictly in the capacity of an administrator of the estate of the decedent, but as an agent for the effectuation of the legislative policy "for the better protection of human life" or "to prevent homicides." If he recovers, it is as a quasi trustee for those who stand in relation of distributees to the estate under the statute having application. Hicks v. Barrett, 40 Ala. 291; L. & N. R. Co. v. Street, 164 Ala. 155, 51 South. 306, 20 Ann. Cas. 877; Kennedy v. Davis, supra; Holt v. Stollenwerck, 174 Ala. 213, 56 South. 912; Hines v. Seibels, 204 Ala. 382, 86 South. 43; White v. Ward, supra; Kuykendall v. Emondson, supra. (7) It is further declared by this court that the sole beneficiary or distributees under the statute, not under a disqualifying disability, may settle and discharge the claim and defeat the subsequent recovery by personal representative (Kennedy v. Davis, supra; Hines v. Seibels, supra); not, however, after the suit is brought for same injury or death by the personal representative (Newell v. Bushard, supra).

The pertinent observations in R. & D. R. Co. v. Freeman, 97 Ala. 289, 292, 294, 11 South. 800, 801, by Mr. Justice McClellan, of the nature of the recovery, are:

"The damages recoverable being punitive and exemplary in all cases under the statute—punitive of the act done and intended by their imposition to stand as an example to deter others from the commission of mortal wrongs or to incite to diligence in the avoidance of fatal casualties—the purpose being the preservation of human life regardless of the pecuniary value of a particular life to next of kin under statutes of distributions, the admeasurement of the recovery must be by reference alone, to the quality of the wrongful act or omission, the degree of culpability involved in the doing of the act or in the omission to act as required by the dictates of care and prudence; and without any reference to, or consideration of the loss or injury the act or omission may occasion to the living. Such is the construction given by this court to the act 'to prevent homicide.' * * * *"

—and have been steadfastly adhered to by this court. L. & N. R. Co. v. Tegner, supra; Holt v. Stollenwerck, supra.

It is further established in this jurisdiction that, in actions for injuries to children of ages ranging from a few months to seven years, such infants are not chargeable, as a matter of law, with personal contributory negligence; not, apparently, because negligence could not be inferred from the particular facts or circumstances contributing to the negligence proximately resulting in the injury for which suit is brought, but because the age of the child injured created a conclusive presumption that it was not capable of personal contributory negligence. Government St. R. Co. v. Hanlon, 53 Ala. 70, Bay Shore R. Co. v. Harris, 67 Ala. 6, Pratt Co.

v. Brawley, 83 Ala. 371, 3 South. 555, 3 Am. St. Rep. 751, suits by parents or by a next friend of minors of tender age; G. P. R. Co. v. Blanton, 84 Ala. 154, 4 South. 621, under 2 years of age, by a parent; M. & M. Ry. Co. v. Crenshaw, 65 Ala. 566, under 6 years old, suing by next friend; B. R., L. & P. Co. v. Landrum, 153 Ala. 192, 45 South. 198, 127 Am. St. Rep. 25, for personal injury by child under 11 years of age; A. G. S. R. Co. v. Burgess, 116 Ala. 509, 22 South. 913, 3 or 4 years old, and suing by administrator; N. C. & St. L. R. Co. v. Harris, 142 Ala. 249, 37 South. 794, 110 Am. St. Rep. 1029, 19 months old, suing by next friend; B. R. L. & P. Co. v. Jones. 153 Ala. 157, 45 South. 177, by next friend of child 16 months old; Sou. R. Co. v. Forrister, 158 Ala. 477, 48 South. 69, 15 months old, suit by administrator; Clover Creamery Co. v. Diehl, 183 Ala. 429, 63 South. 196, and Sheffield Co. v. Harris, 183 Ala. 357, 61 South. 88, suits by next friends of children three and five years old; Jones v. Strickland, 201 Ala. 138, 77 South. 562, minor 11 years old, suing by next friend; White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 South. 479, and B. R., L. & P. Co. v. Landrum, supra, suits by children 11 years of age; H. A. & B. R. Co. v. Robbins, 124 Ala. 113, 27 South. 422, 82 Am. St. Rep. 153, suit by infant 19 months old; Hood Co. v. Royal, 200 Ala. 607, 76 South. 965, by next friend of infant 7 years old; L. R. A. 1917F, 10, n. The subject has been discussed by our court in cases where the suit was by the child pro ami under the age of discretion and incapable of exercising judgment, or by an administrator of such a child, and for injuries that resulted in death, and the contributory negligence of the parent or guardian of such a child, held not pleadable in bar to an action under the homicide statute. This is the rule, even though the parent, guilty of contributory negligence in the matter of the injury, be a beneficiary or distributee of the recovery. Sou. Ry. Co. v. Shipp, 169 Ala. 327, 334, 53 South. 150; A. G. S. R. Co. v. Burgess, 116 Ala. 509, 22 South. 913; Sou. R. Co. v. Forrister, 158 Ala. 477, 48 South. 69; Government St. R. Co. v. Hanlon, 53 Ala. 70; 18 L. R. A. (N. S.) 331, n. In Sou. Ry. Co. v. Shipp, supra, the court said of sustaining of demurrer to pleas of contributory negligence of the father:

"The action is not for the benefit of the father, but for the distributees of the intestate, and the fact that the father is or may be one of the distributees, or entitled to all, or a part of the judgment, if one is had, does not render the negligence of the father a defense to the action, though he happens to be the plaintiff, because the personal representative, and the person whom the statute directs to sue. * * * It was said by this court in Burgess' Case, 116 Ala. 515, 22 South. 913, that the damages recovered in an action like this are purely punitive, and that the statute was intended to prevent homicides; that loss of services to, or mental anguish of, the parent is immaterial and irrelevant. The statute expressly gives the administrator the same right of action that the infant would have had if death had not resulted. Of course the contributory negligence of the parent would not defeat the action of the infant had not death resulted, and likewise it is not a bar to the action given by the statute."

See City of Birmingham v. Crane, 175 Ala. 90, 98, 56 South. 723, 725.

It is further announced, by way of dictum, that, in an action by a parent under the statute for the wrongful act, omission, or negligence causing death to a minor child under the age of discretion, the concurrent contributory negligence of such parent may be pleaded as a defense to such action, where the injury was not wantonly or willfully inflicted. Georgia Pacific R. Co. v. Blanton, 84 Ala. 154, 159, 4 South. 621; Williams v. S. & N. A. R. Co., 91 Ala. 635, 639, 640, 9 South. 77, where the child was 19 or 20 years of age, and employed by defendant; A. G. S. R. Co. v. Dobbs, 101 Ala. 219, 226, 227, 232, 233, 12 South. 770, a child 18 months old; A. G. S. R. Co. v. Burgess (by administrator), 116 Ala. 509, 515, 22 South. 913; Southern R. Co. v. Shipp (administrator) 169 Ala. 327, 334, 53 South. 150.

A re-examination of the decisions as affecting the question presented by sustaining demurrers to pleas 3 to 7, inclusive, as answer to count 1 as amended, impress one that it is a case of first impression in this jurisdiction, for reasons now to be stated. The original Homicide (civil) Act, providing the right of action to a personal representative, was entitled "To prevent homicides," approved February 5, 1872 (Acts 1871–72, p. 83); the statute extending the same right of action for the wrongful death of a minor child to the father of a child, or, if the father be not living, to the mother, was that of February 24, 1872 (Acts 1871–72, p. 82), and "For the better protection of human life." The same right of action by the mother was enlarged by the facts in the act of January 23, 1885 (Acts 1884–85, p. 99—the father, or in case of death, or desertion of his family, the mother), and was narrowed as to when the personal representative may sue, as: "Or in case of their death (father and mother) the legal representative of such minor may maintain an action." As codified (sections 2484 and 2485) the same right to maintain the action by the father or mother was retained, and by the personal representative enlarged by the words "or if they (the parents) decline to bring the action or fail to do so within six months from the death of the minor, the personal representative of such minor may sue" (section 2485 of Code of 1907). These statutes were for the prevention of homicides; not for affording compensation for lost services of a minor child to a parent. The common law had given the latter right

to the father. The right of action being declared by statute, it may be maintained by the persons indicated, or by a personal representative under circumstances indicated in the statute. Such were the trustees constituted by the statute to "prosecute" a civil action for the wrong against the social compact and against the individual unlawfully killed. It is of statutory requirement that the wrongdoer respond in such damages as "the jury may deem just" (in Acts 1871–72, p. 83) or as the "jury may assess" (in Acts 1871–72, p. 82; 1884–85, p. 99; and as codified, sections 2485, 2486, of Code 1907). It was because of this differing statement of the nature or extent of the damages that may be assessed by the jury (in the construction of sections 2485 and 2486 of Code of 1907) there arose a confusion as to whether each statute created a different cause of action; the one (section 2485 of Code of 1907) providing that the damages were compensatory (Williams v. S. & N. Ala. Ry., 91 Ala. 635, 9 South. 77; L. & N. R. Co. v. Orr, 91 Ala. 548, 8 South. 360; L. & N. R. Co. v. Robinson, 141 Ala. 325, 37 South. 431), and in the other (section 2486 of Code of 1907) the damages were punitive. When the purpose and history of these enactments—"To prevent homicides"—and the several persons who were invested with the right of suit are considered, the erroneous distinction adverted to was held not well founded. Since the departure by this court from last-cited cases, declaring the recoverable damages in such actions as compensatory, and the announcement that damages assessed are punitive, this court has adhered to the latter announcement. L. & N. R. Co. v. Bogue, 177 Ala. 349, 58 South. 392; L. & N. R. Co. v. Cross, 205 Ala. 628, 88 South. 908; Gulf States Steel Co. v. Justice, 204 Ala. 577, 87 South. 211; Allen v. Alger-Sullivan Lbr. Co., 204 Ala. 92, 85 South. 278; L. & N. R. Co. v. Phillips, 202 Ala. 502, 80 South. 790; Renfroe v. Collins & Co., 201 Ala. 489, 78 South. 395; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 South. 604; Hull v. Wimberly Hdw. Co., 178 Ala. 538, 59 South. 568. The right of recovery is statutory, and without limiting that recovery to pecuniary loss to the statutory beneficiary. Alabama Co. v. Brown, 207 Ala. 18, 92 South. 490, 502, and authorities.

It was this erroneous pronouncement contained in Williams v. S. & N. Ala. Ry., supra, L. & N. v. Orr, supra, and L. & N. R. Co. v. Robinson, supra (that under section 2485 of the Code the recoverable damages were compensatory, and not punitive), that gave rise to the dicta contained in Sou. Ry. v. Shipp, Adm'r, 169 Ala. 327, 53 South. 150, A. G. S. R. Co. v. Dobbs, 101 Ala. 219, 12 South. 770, and A. G. S. v. Burgess, 116 Ala. 509, 515, 22 South. 913, now to be considered.

The case of A. G. S. R. Co. v. Burgess, suit by an administrator, contains the significant statement:

"If death had not resulted and the action had been by the infant, neither the contributory negligence of the infant, nor that of her parents, would have been available as a defense to the action. * * * The rule is otherwise as to the contributory negligence of the parent when the action is brought under section 2588 [section 2485 of Code of 1907] by the parent to recover pecuniary compensation"—citing the Williams and Dobbs Cases.

In Southern Ry. v. Shipp, supra, where the suit was by an administrator, the observation was made that contributory negligence of the parent would not defeat the action by the administrator, etc.

"The rule is otherwise when the parent sues to recover damages as pecuniary compensation for the loss of services"—citing A. G. S. R. Co. v. Dobbs, 101 Ala. 219, 12 South. 770; Williams v. S. & N. Ala. R. Co., 91 Ala. 635, 9 South. 77.

In the Dobbs Case Mr. Justice Haralson indicates the theory on which he had written, saying:

"The evidence makes a plain case of contributory negligence on the part of the plaintiff * * * as disentitles him to compensation by the defendant. * * *"

And in Williams' Case the right of the father to sue for damages for an injury to a minor was said to be the same as at common law, and such "damages were to compensate him for the loss of services," "although death had resulted from the injury."

For myself, I wish to say, as was decided in Sou. Ry. v. Shipp, supra, and other cases, that the statutes give the personal representative the same right of action that accrued to the decedent (whether a minor or of full age) had not death resulted from the injury. So of the parent suing under sections 2484, 2485. Lovell v. DeBardelaben Co., 90 Ala. 13, 16, 17, 7 South. 756. The contributory negligence of one of the parents of a minor of tender years would not defeat such action by the infant, had not death resulted; likewise such contributory negligence is no bar to the action given by the statute (sections 2485, 2486, Code of 1917) when death has resulted, and the personal representative sues, to punish for the homicide, and in aid of the purpose of the statute in prevention of homicides. When the reason for a rule ceases to exist, the rule ceases. So with the departure from the nature of the suit and damages to be awarded in Williams' Case, supra (declared as compensatory), to its true nature as a punishment for and in aid of the prevention of homicides in L. & N. R. Co. v. Bogue, supra, no sufficient reason obtains for a different rule of defense (1) when the personal representative sues under a punitive statute, (2) where the father is guilty of contributory negligence that results in the death of the child, then deserts his family, or is imprisoned, or becomes insane, and the

mother sues, (3) or when a parent or guardian sues (irrespective of their negligence) under the same punitive statutes to effectuate the purpose of the enactments declared to be to punish the wrongdoer for the wrongful act, omission, or negligence that results in the taking of human life. This primary purpose of these statutes should not be lost sight of or obscured by the acts of third parties—contributory negligence on the part of such third person who may happen to be a parent, and who, under the amendment to the Homicide Act or our statutes of descents and distributions, happen to be a beneficiary. It must be borne in mind that the fact that the parent is the beneficiary and yet guilty of contributory negligence, when suit is by him as an administrator, has not prevented recovery (Sou. Ry. Co. v. Shipp, supra); nor could it if the parent having the right of suit was not guilty of contributory negligence. No sufficient distinction exists for, or compelling reason would require, a different rule when either parent sues under the Homicide Act.

The effect of the allowance of the defense of contributory negligence of the parent to an action by a parent under the Homicide Act is to extend the maxim that "No one maintains an action arising out of his own wrong" —"Nemo ex proprio dolo consequitur actionem" (Broom, Max. 297; Black's Law Dict. 810)—and gives to it a superior importance to the statutes enacted for the protection of human life (Code, §§ 2485, 2486).

In L. & N. R. Co. v. Bogue, supra, Mr. Justice Somerville adverted to the dicta indicated, and that it originated in the confusion as to nature of suit or damages to be awarded in Williams v. S. & N. R. Co., 91 Ala. 635, 9 South. 77; L. &. N. R. Co. v. Robinson, 141 Ala. 325, 37 South. 431. Certainly such was the cause and nature of the announcement in Southern Ry. Co. v. Shipp, 169 Ala. 327, 334, 53 South. 150, and A. G. S. R. Co. v. Dobbs, 101 Ala. 219, 12 South. 770, was dicta and should be overruled.

The act is its best interpreter. It was provided "that but one suit shall be maintained for said injuries or death" (see Acts 1884–85, p. 99, codified as section 2588 in the Code of 1886 and section 26 of the Code of 1896); "but a suit by the father or mother, in such case, is a bar to a suit by the personal representative" and "but a suit by any one of them (we interpolate 'father' or 'mother' or 'personal representative of such minor') for the wrongful death of the minor shall be a bar to another action either under this section or under the succeeding one" became a part of section 2485 in the Code of 1907. The succeeding section in the present Code is the general homicide statute.

At the risk of repetition I will say of the case of A. G. S. R. Co. v. Dobbs, 101 Ala. 219, 226–227, 232–233, 12 South. 770, that it was

208 ALA.—43

decided under the mistaken assumption that the suit by the parent was to recover compensation for loss of services and society of the decedent child, and was under the pronouncements contained in Williams v. S. & N. A. R. Co., 91 Ala. 635, 9 South. 77, and before the decision in L. & N. R. R. Co. v. Bogue, 177 Ala. 349, 360, 58 South. 392. The counts in the Dobbs Case to which contributory negligence was pleaded (eighth plea) were counts 2, 3, 4, 5, and 6, and are not disclosed by the report of the case; the original record of this court being destroyed at the printers', the nature of these counts cannot be ascertained in this court. The plaintiff demurred to the eighth plea on several grounds, and the demurrer was overruled, and there was judgment for plaintiff; hence on defendant's appeal the action of the trial court in sustaining demurrer to such plea of contributory negligence of the father suing was not for review.

In the Dobbs Case defendant requested and was refused charges 3, 5, 6, 7, and 8, predicated on the negligence of the parent suing for his failure to exercise ordinary care in the protection of the child, and, in one of said charges, that "he contributed proximately or produced the injury of which he complained." The court justified the refusal of the charges on the grounds that the charge ignored the consideration of any willful, wanton, or intentional negligence on the part of defendant's employés. It should be further stated that in the decision the statute is not cited, and the submission to the jury was justified under Williams v. S. & N. A. R. Co., supra, on the ground that the evidence introduced by plaintiff tended to show that defendant's agents in charge "did not do all that might or ought to have been done to prevent the accident, after the peril of the child had been discovered." If the Dobbs Case was applicable to the instant question, and there was recodification of the statutes after that decision, the effect of the original statute, conferring the right of action "for the same act or omission," had it failed to produce death (Acts 1871–1872, p. 83; Lovell v. DeBardelaben Coal & Iron Co., 90 Ala. 13, 16, 17, 7 South. 756), was overlooked, that decision proceeding on the assumption under the earlier cases that the damages that may be awarded by the jury under section 2484 of the Code of 1907 were compensatory, and not punitive; and the subsequent interpretation of the nature of damages recoverable under sections 2484 and 2485 of the Code of 1907, as being punitive, was in effect to explain or modify the decision in A. G. S. R. Co. v. Dobbs, supra. That is to say, in the opinion of the writer, since the submission of the issue of fact to the jury was on subsequent negligence (no question being presented for review as to the overruling of demurrer to the plea [8] of

contributory negligence), and on defendant's appeal, the discussion of contributory negligence on the part of the parent as the plaintiff in a suit for the injuries sustained, and resulting in death of his child, was gratuitous, and not necessary to that decision.

Of the other decisions on which the court rests the instant ruling on demurrer and the ground of reversal, I trust I may with propriety say they are not decisive of the question before us for reasons I have stated. In the cases of A. G. S. R. R. Co. v. Burgess, 116 Ala. 509, 22 South. 913, and Sou. R. Co. v. Shipp, 169 Ala. 334, 53 South. 150, the actions were brought by administrators, and Jones v. Strickland, 201 Ala. 138, 77 South. 562, was an action by next friend for personal injury to a minor 11 years of age.

The judgment of the circuit court is reversed, and the case is remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., concur.

THOMAS, J., dissents, as indicated.