(88 South. 558)

## NORTHERN ALABAMA R. CO. v. MITCHELL. (8 Div. 292.)

(Supreme Court of Alabama. April 7, 1921.)

1. Waters and water courses ⊂⇒179(1)—Bill to enjoin maintenance of covering over ditch and to compel enlarging same held not to state a cause of action.

Plaintiff's bill alleging that he owned lands adjacent to defendant's right of way, which lands were comparatively level and rather low, being subservient to a large water flow from dominant lands and streets, and further averring that there was a natural drainway along the right of way of the railroad company, or, if the drainway was not a natural drainway, it was constructed by the railroad company, that when it was dug it was sufficient to carry off the water flow, but that defendant had subsequently bridged the same and filled it with sand and grass, which prayed that defendant be enjoined from obstructing the same, etc., is insufficient, for it was not averred that plaintiff had a right of drainage over the lands of defendant, or that before the construction of the drainway his lands were not overflowed; the alternative allegations being insufficient.

2. Pleading ⊂⇒8(17)—Allegations that defendant negligently allowed drainway to fill conclusion of pleader.

Allegations that defendant negligently allowed a drainway to fill, and that plaintiff's property was damaged by result of overflow, etc., held mere conclusions of the pleader, which will not support judgment enjoining the bridging of the drain, etc.

3. Pleading ⊂⇒34(4)—Pleadings are construed most strongly against the plaintiff.

On demurrer pleadings are always construed most strongly against the pleader.

4. Pleadings ⊂⇒34(1)—Pleadings must be construed as a whole.

Pleadings must be construed as a whole.

5. Pleading ⊂⇒20—Each alternative averment must show cause of action.

Each alternative averment must show a cause of action.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Bill by J. E. Mitchell against the Northern Alabama Railroad Company to enjoin the obstruction of a ditch or drain. From a decree overruling demurrers to the bill, defendant appeals. Reversed, rendered, and remanded.

William L. Chenault, of Russellville, for appellant.

The pleadings are construed more strongly against the pleader, and the bill must be construed as a whole. 171 Ala. 274, 55 South. 185; 163 Ala. 141, 50 South. 241; 162 Ala. 665, 60 South. 300. Therefore the bill of complaint should show a state of facts, the duty of the railroad to drain complainant's property and keep it clear of surface water, and this the bill does not show. 178 Ala. 190, 59 South. 633; 189 Ala. 253 66 South. 464.

Travis Williams, of Russellville, for appellee.

No brief came to the Reporter.

MILLER, J. The complainant, J. E. Mitchell, files this bill in equity to enjoin defendant from maintaining a bridge or covering for a ditch on its right of way, and requiring it to deepen and enlarge the ditch, so it will carry off all the surface water without injury to his property adjoining; that by the filling up of the ditch, and said bridge being over it, the adjoining property of complainant is flooded and is injured thereby, and claiming damages therefor. Defendant demurs to the bill. The court below overruled the demurrers, and this is assigned as error.

[1] In town of Russellville, Ala., the complainant owns two lots adjoining the right of way of the defendant for about 296 feet; complainant has his residence and a livery stable on his lot; the dwelling and the stables are within a few feet of the land of defendant. The defendant has its passenger and freight station, its main line of railroad, and one or two side tracks on its right of way, joining complainant's lot. The bill avers:

"Both lots of complainant and right of way of the North. Alabama Railway Company are comparatively level and rather low, being sub-

servient to a large water-flow from dominant lands and streets to the north and west."

It does not show who owns "the dominant lands and streets to the north and west." It does not aver that defendant's right of way is subservient to his lot as to drainage, but says "both are comparatively level and rather low." It looks like neither is subservient to the other; but that they are "on a level. It appears from this that neither should drain the other, but that each should do his own share of the draining of the "large water flow from dominant lands and streets to the north and west." The bill states:

"There was a natural drainway or branch along the right of way of said railway company and some 10 or 15 feet east of the dividing line between complainant's property and said railway company, or if the said drainway was not a natural drainway, the said North. Alabama Railway Company, through its agent, cut and constructed a ditch or drainway and forced the water from the surrounding and dominant streets and land to flow down through said ditch or drainway on its said right of way."

The complainant avers when said ditch was dug it was sufficient to carry off the water flow, but later the defendant, to use its entire right of way, bridged said ditch, and it filled up with sand and grass, so that it overflows and causes the water to inundate the complainant's lots, to his damage, etc. This bill is in the alternative. It avers there was a natural drainage or branch on the right of way of the defendant, or if said drainway or branch was not natural the defendant or its agent cut a ditch on its right of way. The bill shows the lands of complainant and defendant "are comparatively level and rather low, being subservient to a large water flow from dominant lands and streets to the north and west."

From one alternative averment it appears that the defendant, without the assistance of the complainant, dug the ditch to care for "the large water flow from the dominant lands and streets to the north and west" as it came down on "the rather low and comparatively level lands" of complainant and defendant. In this it owed no duty, from the allegations. It appears that the digging of the ditch was of benefit to the land of complainant, but it shows no duty resting on defendant to do it. If it owed no duty to dig it, then it owed no duty to keep it cleaned out. On this alternative averment from the facts alleged, it appears to be as much the duty of the complainant as of the defendant to care for the "large water flow" as it runs on the "rather low and comparatively level" lands of each.

The bill fails to aver, as to the other alternative, "the natural drainage or branch,"

that complainant's lots were not overflowed by the surface waters before the ditch was dug. It does not state that there was no overflow of his lots by the "natural drainage or branch" from "the large water flow." The water complained of comes, not from the property of the defendant, but from the "large water flow from dominant lands and streets to the north and west," the ownership of which land is not averred.

[2] True the bill alleges that defendant negligently allowed said ditch to fill up, and that complainant's property has been damaged by the overflows, and that it was caused by defendant's negligence. These are conclusions of the pleader, and show no fact on which to base the conclusion. The facts averred produce a different conclusion or strong contrary inference. The facts alleged show no duty resting on defendant to keep the ditch cleaned out. The facts alleged show no duty resting on the defendant to drain the lots of the complainant. Duckworth v. Duckworth's Adm'r, 35 Ala. 70; Seals v. Robinson, 75 Ala. 363; A. C. L. R. Co. v. Woolfolk, 178 Ala. 190, 59 South. 633.

[3-5] Pleadings on demurrer are always construed most strongly against the pleader, and they must be construed as a whole; each alternative averment must show a cause of action. L. & N. R. R. Co. v. Johnson, 162 Ala. 665, 50 South. 300; C. Kuykendall v. Edmondson, 87 South. 882;[1] A. G. S. R. R. Co. v. Cardwell, 171 Ala. 274, 55 South. 185; L. & N. R. R. Co. v. Smith, 163 Ala. 141, 50 South. 241.

The court erred in overruling the demurrers to the bill of complaint. A decree is rendered here sustaining them.

Reversed, rendered and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.