(101 So. 827)

**CENTRAL OF GEORGIA RY. CO. v. KIMBER.   (6 Div. 220.)**

(Supreme Court of Alabama.   Oct. 30, 1924.)

**1. Action ⬤═50(1)—Causes of action for injury to several lots by blasting on adjoining land properly joined in single count.**

Causes of action for injury to the several lots comprising home, by blasting on adjoining land, *held* properly joined in single count.

**2. Corporations ⬤═518(1) — Where petition was for consequential damages from act of corporation, direct participation need not be shown.**

Where petition sought recovery for consequential damages for injury to home from blasting on adjoining land by defendant corporation, *direct corporate participation need not be shown.*

─────────────────────────────────────────

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Damages ☞52—Person may recover for injury to nervous system from fright.**

Recovery may be had for physical injury to nervous system resulting from fright.'

**4. Damages ☞217—Instruction that damage to property was difference between value before and after trespass not erroneous, though no proof of fluctuation in market value.**

Instruction that there were two ways of ascertaining damage to plaintiff's property, being difference between its value before and after trespass, and what amount it would take to repair, was not erroneous, though there was no proof of change in market value in meantime.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action for damages by Louvonia Kimber against the Central of Georgia Railway Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, page 449, Acts 1911.. Affirmed.

Nesbit & Sadler, of Birmingham, for appellant.

Demurrer to the complaint should have been sustained, and the general charge given for defendant. Ex parte L. & N., 203 Ala. 328, 83 So. 52; Bessemer C. I. & L. Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L. R. A. (N. S.) 389; Warwick v. Mobile Co., 17 Ala. App. 206, 84 So. 396. · The court's oral charge was erroneous. Abercrombie v. Windham, 127 Ala. 179, 28 So. 387; Jackson v. Bohlin, 16 Ala. App. 105, 75 So. 697.

W. L. Acuff, of Leeds, for appellee.

Demurrer to the complaint was properly overruled. City Delivery Co. v. Henry, 139 Ala. 166, 34 So. 389; Newberry v. Atkinson, 184 Ala. 567, 64 So. 49; Ex parte Birmingham Realty Co., 183 Ala. 444, 63 So. 68. Nor was defendant due the affirmative charge. Sou. Ry. v. Blankenship, 194 Ala. 368, 70 So. 133; C. & G. T. Ry. v. Hart, 209 Ill. 414, 70 N. E. 654, 66 L. R. A. 75; Great West. v. Bacon, 30 Ill. 347, 83 Am. Dec. 199; Ala. F. & I. Co. v. Baladoni, 15 Ala. App. 316, 73 So. 205; Sou. Ry. v. Robertson, 16 Ala. App. 155, 75 So. 831; Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749. The measure of damages was correctly stated. A. & B. Ry. v. Brown, 158 Ala. 607, 48 So. 73; Fuller v. Fair, 202 Ala. 430, 80 So. 814; Ill. Cent. v. Elliott, 17 Ala. App. 134, 82 So. 582; Jackson v. Bohlin, 16 Ala. App. 105, 75 So. 700.

GARDNER, J. The plaintiff in this action (appellee here) owned a home situated on several lots near Leeds, Ala., which were north of and adjoining the right of way of the Central of Georgia Railway Company, and brought suit against said railway for damages to her premises resulting from blasting on said right of way by the railroad. From a judgment for the plaintiff, the defendant has prosecuted this appeal.

[1] The complaint as amended consisted of counts A, B, and C, but the court, in its oral charge to the jury, eliminated count C, and it will be here laid out of view. The only argument in support of the demurrer to counts A and B seems to rest upon the theory that, because the home ·embraced several lots, the damage to each was a separate cause of action, and could not be joined in a single count. This insistence, to our mind, is so clearly without merit as to call for no discussion. The court committed no error in overruling demurrer to these counts.

[2] It was next insisted that the affirmative charge was due the defendant as to these counts, upon the theory that they charged a direct trespass by the corporation itself within the rule of City Delivery Co. v. Henry, 139 Ala. 166, 34 So. 389, and that there was no testimony showing a corporate participation therein. These counts are in case, seeking recovery for consequential damages, as was held in the City Delivery Co. Case, supra, in discussing counts 1 and 3 therein, where counts 2 and 4 were differentiated.

[3] As to count B it is further insisted that the affirmative charge should have been given upon the theory that there can be no recovery for fright alone, and that this was the only element of damage claimed. This count, however, does not claim damages for fright alone, but for the effect which plaintiff's frightened condition had upon her nervous system. Under such a count, the fright charge was but a link in the chain of causation leading to the physical injury to her nervous system, and for this latter character of injury recovery may be had. Ala. F. & I. Co. v. Baladoni, 15 Ala. App. 316, 73 So. 205, and authorities therein cited.

[4] Exception was reserved to that portion of the oral charge of the court in which it was stated there were two ways of ascertaining the amount of plaintiff's damages, being the difference between the value of the property before and after the trespass, and what amount it would take to repair the property after the damage was done. There was no proof of any change in the market value on account of a change in general business conditions, but the court in the latter part of the foregoing sentence was merely instructing the jury as to one method of ascertaining the difference as to the market value applicable to the proof in this case. (Fuller v. Fair, 202 Ala. 430, 80 So. 814), and in the absence of any proof as to change or fluctuation in the market value there was no occasion for the court to instruct the jury thereon. There is nothing in this excerpt of the oral charge therefore of which defendant can complain.

We have here considered the several questions treated in brief of counsel for appellant, and, finding no reversible error, the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.