(108 So. 362)

### CAIRNES v. HILLMAN DRUG CO.
### (6 Div. 532.)

(Supreme Court of Alabama. March 25, 1926. Rehearing Denied May 13, 1926.)

**1. Appeal and error ⬅️724(1).**

In assigning errors, it is sufficient to state concisely, in writing, in what the errors consist.

**2. Appeal and error ⬅️748(1)—Use of word "error" instead of "errors" in caption of assignment of errors held a self-correcting mistake.**

Use of word "error" instead of "errors" in caption of assignment of errors is a self-correcting mistake; what follows, 25 errors separately assigned and numbered, clearly evidencing intent to assign errors separately and not jointly as one.

**3. Appeal and error ⬅️1078(1).**

Assigned error is waived by not being argued in brief or argument.

**4. Landlord and tenant ⬅️169(3)—Word "improperly" in tenant's complaint against landlord for defective repairing of roof held equivalent of "negligently."**

Word "improperly," as used in complaint of tenant, alleging that landlord undertook to repair roof, and so improperly performed the work that it was thereafter caused to leak, is the equivalent of "negligently."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Improper—Improperly; Negligently.]

**5. Landlord and tenant ⬅️169(3)—Tenant's complaint for injury to goods by rain, alleging negligent repairing of roof in voluntary undertaking and negligent failure to remedy defect after knowledge, held to state cause of action.**

Tenant's complaint, alleging landlord voluntarily undertook to repair roof, was negligent in doing so, which caused it to leak, and, after knowledge thereof, failed to remedy it, whereby goods were damaged, states cause of action.

**6. Witnesses ⬅️275(2).**

Allowing cross-examination of defendant as to a conversation between him and others in evidence, competent and relevant to a matter in issue, *held* proper.

**7. Witnesses ⬅️275(1) — Cross-examination allowed of defendant in action against landlord for negligent repairs held not abuse of discretion.**

Within rule that much latitude must be allowed on cross-examination, and much intrusted to judge's discretion, *held* discretion was not abused in cross-examination allowed of defendant in action against landlord for negligent repairs.

**8. Appeal and error ⬅️1079—Mere insistence in brief of error held not argument which would prevent waiver of assignments.**

Mere insistence in brief, without mentioning authority, that propositions in refused charges are clearly correct, and that no argument could make clearer the error in refusing them, is not argument that will prevent the assignments being waived.

**9. Landlord and tenant ⬅️166(4)—Lease exempting lessor from liability from defect or rain does not relieve him, where his negligent, voluntary repair causes injury from rain.**

Provision of lease exempting lessor from liability for damages from defect in building or from rain does not relieve him from liability for negligent, voluntary repairs resulting in injury to goods from rain.

**10. Landlord and tenant ⬅️166(4).**

If repairs, voluntarily made by lessor, are made inefficiently, and not negligently, he is not liable for resulting injury to tenant.

**11. Trial ⬅️260(1) — Refusal of requested charges, substantially and fairly given in the general oral charge, is not error (Code 1923, § 9509).**

Under Code 1923, § 9509, refusal of requested charges is not error, where they are substantially and fairly given in the court's general oral charge.

**12. Appeal and error ⬅️761.**

An assignment not argued separately in brief, but jointly with others having no merit, will not be considered.

**13. Landlord and tenant ⬅️166(3).**

Though lessor is not liable to tenant for negligence of independent contractor in making repairs, he is liable for his own negligence in not remedying the defect, knowing thereof and of the damage to lessee's goods likely to ensue.

**14. Trial ⬅️252(1).**

Giving a charge stating a correct principle of law and applicable to certain phases and tendencies of the evidence is not error.

**15. Trial ⬅️143.**

There being evidence tending to prove complaint's averments, and the evidence being in conflict on all issues by positive proof or reasonable inference, general affirmative charge is properly refused.

----

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

16. **New trial** ☞76(1).

Denying new trial on ground of excessive damages is proper; verdict being supported by weight of evidence.

Appeal from Circuit Court, Jefferson County; R. V. Evans, Judge.

Action by the Hillman Drug Company against Thomas C. Cairnes. From a judgment for plaintiff, defendant appeals. Affirmed.

James H. Willis and Roy McCullough, both of Birmingham, for appellant.

The landlord is not liable to his tenant for damages resulting from mere ineffectiveness of repairs gratuitously undertaken by him. Brown v. Dwight Mfg. Co., 200 Ala. 376, 76 So. 292, L. R. A. 1917E, 997; Tiffany, Landlord & Tenant, 559; 34 L. R. A. (N. S.) 806, note. The landlord is not liable for negligence of independent contractor, to whom he gratuitously intrusted the work of repair. Bains v. Dank, 199 Ala. 250, 74 So. 341; Boss v. Jarmulowsky, 184 N. Y. 597, 77 N. E. 1182; Lawrence v. Shipman, 39 Conn. 586. Nor is the landlord liable for damages in consequence of negligence of his servants in making repairs, where the lease stipulated against liability. Bullock v. Coleman, 136 Ala. 610, 33 So. 884; Kelley Realty Co. v. Botsford, 201 Ala. 506, 78 So. 860. Such a stipulation is valid. A. G. S. v. Demoville, 167 Ala. 292, 52 So. 406; A. G. S. v. Compress Co., 196 Ala. 683, 72 So. 311.

H. C. Wilkinson and J. R. McElroy, both of Birmingham, for appellee.

A joint and single assignment of error, attacking a plurality of rulings, is unavailing, unless all of the rulings are erroneous. Bobo v. Tally, 213 Ala. 83, 104 So. 32; S. A. L. R. Co. v. Hubbard, 142 Ala. 546, 38 So. 750; McCaskey v. Nix, 7 Ala. App. 309, 61 So. 484. Where several assignments of error are bunched in brief, the appellate court will decline to ascertain which, if any, of such assignments is meritorious. Southern R. Co. v. Cunningham, 152 Ala. 147, 44 So. 658. Where any one assignment is without merit, several assignments argued in bulk will not be considered. Montgomery v. Moon, 208 Ala. 472, 94 So. 337; Ala. Co. v. Norwood, 211 Ala. 385, 100 So. 479; Bush v. Bumgardner, 212 Ala. 456, 102 So. 629; Bryan v. Stewart, 194 Ala. 353, 70 So. 123. The landlord is liable for negligent acts of an independent contractor in making repairs after knowledge. 1 Tiffany, Landlord & Tenant, 616; Cramblitt v. Porter Co., 176 Iowa, 733, 158 N. W. 541, L. R. A. 1917C, 77. The provision in the lease did not exempt the landlord from liability for affirmative negligence. Spangler v. Hobson, 212 Ala. 105, 101 So. 828. It is not error to refuse a requested charge, substantially given in the oral charge. Code 1923, § 9509. Assignments not insisted upon are waived. Republic I. & S. Co. v. Quinton, 194 Ala. 126, 69 So. 604.

MILLER, J. This is a suit by the Hillman Drug Company, a tenant, against Thomas C. Cairnes, the landlord of a storehouse used by the tenant as a drug store, for damages to the goods of plaintiff from rain caused by leaks in the roof or in the water downspout which ran from the roof through the inside instead of outside of the store. The cause was tried by a jury, they returned a verdict in favor of the plaintiff, and, from a judgment thereon by the court, this appeal is prosecuted by the defendant.

[1, 2] In assigning errors, it shall be sufficient to state concisely in writing in what the errors consist. The appellant assigns 25 errors in writing on the transcript. They are separately numbered from 1 to 25, both inclusive. At the heading thereof appellant states the trial court "committed manifest error to the injury of the defendant therein, and that such error consisted in this, to wit:" [Then follow the 25 errors separately assigned and numbered as indicated.] In this caption the appellant used the word "error," singular and not plural, "errors." He should have used the plural instead of the singular. However, this is a self-correcting mistake. What follows clearly evidences that appellant intended to assign 25 alleged errors separately and not 25 alleged errors jointly as one error. Supreme Court rule 1; Wilson v. McKleroy, 206 Ala. 342, 89 So. 584 (last paragraph of opinion on rehearing); Sheffield v. Harris, 183 Ala. 357, 61 So. 88; Starr Piano Co. v. Zavelo, 212 Ala. 369, headnote 3, 102 So. 795; Cargall v. Riley, 209 Ala. 183, headnote 1, 95 So. 821.

[3] There are four counts in the complaint, numbered from 1 to 4, both inclusive. Counts 1 and 3 were submitted by the court to the jury, and counts 2 and 4 were eliminated by written charges given the jury by the court at the request of the defendant.

Demurrers of the defendant to counts 1 and 3 were overruled by the court. The appellant in brief insists by argument on the demurrers to count 1, and waives the ruling of the court on demurrer to count 3 by not arguing it. Birmingham News Co. v. Collier, 212 Ala. 655, headnote 1, 103 So. 839.

[4, 5] Count 1 alleges defendant leased this building to plaintiff to be used and occupied as a drug store, that during the lease and occupancy of it by plaintiff, the defendant voluntarily undertook to make some repairs to the roof of said building, and so improperly performed said work that the roof on said building was thereafter caused to leak, which fact was known to the defendant, and plaintiff avers that, after knowledge of such fact, the defendant negligently failed to have

the leaky condition remedied, and as a proximate consequence, plaintiff's stock of goods was greatly damaged by rain leaking through the roof of said building.

The word "improperly" as and where used in this count is the equivalent of the word "negligently." The word "improperly," when uesd in connection with human conduct means "such conduct as a man of ordinary and reasonable care and prudence would not under such circumstances have been guilty of." 31 Corpus Juris, 261, headnote 23, page 260, headnote 10; Cent. of Ga. v. Johnston, 106 Ga. 130, 137, 32 S. E. 78.

This count charges defendant with negligence in repairing the roof, which caused the leak, and then charges the landlord after knowledge thereof with subsequent negligence in failing to remedy it, and it charges he voluntarily undertook to make the repairs. This count states a cause of action against the defendant; and the court did not err in overruling the demurrer to it. Bains v. Dank, 199 Ala. 250, 74 So. 341.

Count 3 alleges the defendant voluntarily undertook or attempted to repair the roof on a building defendant had leased plaintiff which plaintiff was then occupying as a drug store, and that defendant was guilty of negligence in or about making such repairs, and as a proximate consequence plaintiff sustained the injury and damage set out in count 1.

The defendant pleaded general issue by consent, with leave to give in evidence any matter of defense, which, if well pleaded, would be admissible in defense and to have effect as if so pleaded, and with like leave for plaintiff to give in evidence any matter good in reply, the same to have effect as if well pleaded.

The plaintiff by written contract with the defendant leased from him a storehouse for drug store purposes from September 23, 1921, to September 30, 1924. The contract provides and contains among other things these provisions:

"It is further understood and agreed that the lessor shall not be liable for any damage which may accrue on account of any defect in said building or in said premises or from rain, wind, or other cause. * * * It is further understood and agreed that the lessor reserves the right to make any repairs on or about said premises that may be deemed necessary by him during this term."

There was evidence tending to show that the building leaked some, and at the tenant's request the defendant undertook to repair the roof. It was a tin roof with gravel and tar on it. Negro laborers under the direction of defendant attempted to repair the leak, but instead of stopping it the leak was worse afterwards than before. Defendant then employed Conant to do the repair work as to this leak, and afterwards the leak was worse. After these repairs were made from time to time the leak was worse, and the goods of plaintiff in the store were damaged by rain at different times from the leaks to the amount of $3,164.45. The case was tried by the parties on the theory that damages sustained up to the time of the trial were recoverable.

The evidence of the defendant tended to show the damages to the goods from the rain at different times did not exceed $20, and that it was not due to the leak, but to the transom being left open by plaintiff during blowing rains. The defendant's evidence further tended to show that Conant was an independent contractor in doing this repair work for him, and all of the repair work was done by independent contractors without any supervision or instructions or directions from him. There was positive proof that defendant directed and supervised the negro laborers when they were attempting to repair the roof and stop the leak, and there was some testimony tending to show that Conant was a servant of the defendant in doing this work afterwards; but there was much strong evidence that he was an independent contractor and not a servant of the defendant in the performance of this repair work on the roof, and that he contracted with defendant to stop the leaks and make the roof water tight. There was evidence that the water from the roof ran through a gutter in the building. It would get clogged with tar and gravel and the store would be flooded with water. There is also evidence that Conant advised defendant to place the gutter on the outside instead of inside of the store, and in this way the leaks would be stopped, and that the defendant instructed him not to do so, that it would cost too much, and there was evidence to the contrary. There was much evidence that defendant knew that the leak was worse after Conant finished repairing it, and the leak was never stopped. The foregoing is the tendency of some of the testimony in the cause.

[6] The defendant was examined in his own behalf. The court did not err in allowing him to testify on cross-examination that Conant, in the presence of Judge Lanier at this store when Conant was attempting to stop the leaks, did not tell him (defendant) that the downspout should be placed on the outside of the building and that he (witness) did not tell Conant not to do so, that it would cost too much. There was evidence that there was such conversation at that place by defendant and Conant. There was evidence that the leak and flooding of the store and injury to the goods were caused by the downspout being on the inside and not on the outside of the store; that tar and gravel placed on the roof would slide off into this gutter, in the store, cause it to stop up and overflow the store with water during a rain. This was competent and relevant

*evidence.* It tended to show cause of the leak and how it could be remedied, and it tended to show that the defendant was directing and controlling Conant in the manner the leak should be stopped· under his contract with him, and prevented him from taking the downspout from within the store and placing it on the outside of the building.

[7] The court did not err in allowing defendant to be asked by the plaintiff on cross-examination these· questions:

- "You have suits pending against us for $2,425 worth of rent, haven't you? * * * I will ask you if they didn't stop paying rent after this row came up about the rent? * * * You have· just got through a lawsuit with Marbery about the building, haven't you, in which complaint was made about the roof? * * * Did you tell the Hillman Drug Company that the roof was in bad shape when you rented it to them? * * * When you came back several months later you began to get complaints about the condition of the roof, didn't you? * * * I will ask you, Mr. Cairnes, if you did not undertake, in 1922, to remedy the condition and make the roof water tight?"

This witness was the defendant; he was being cross-examined by the plaintiff ̇ when these questions were propounded to him. "Much latitude must be allowed on cross-examination, and much must be intrusted to the enlightened discretion of the presiding judge." Burger v. State, 83 Ala. 36, 3 So. 319; Snell v. Roach, 150 Ala. 469, 43 So. 189. The trial court did not err in overruling objections of the defendant to the foregoing questions. The discretion of the court therein was not thereby abused. Michie Dig. vol. 12, p. 1214, § 191 (1); and authorities supra.

[8] Written charges set out in assignments of error numbered 22, 23, and 24, were requested by the defendant, and each was refused by the court. These three charges are mentioned jointly, in bulk, in brief of appellant, and this is all the appellant wrote thereon:

"We have read and re-read the written charges, the refusal of which is made the basis of these assignments. No argument could make clearer the error of the court in refusing to grant them. The propositions of law therein set forth are clearly and patently correct."

No authority is mentioned. This insistence of the appellant does not amount to an argument.

In Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604, where the only insistence in brief of appellant upon an assignment of error predicated on the refusal of the court to give a written charge, was this: "It is submitted that this charge was proper under the plea alleging contributory negligence, and should have been given"—it was held by the court the ̇assignment was waived. So under that authority and the brief of appellants we must hold that ̇the assignments numbered 22, 23, and 24 were waived, be-cause not sufficiently urged by argument in brief of appellant. See, also, W. U. T. Co. v. Benson, 159 Ala. 254, 264, and 273, 48 So. 712.

[9] The court did not err in giving written charge requested by plaintiff set out in assignment of error numbered 15:

"The court charges the jury that the provision in the lease that ̇the lessor shall not be liable for any damages caused by rain or wind would not exempt the defendant from liability from damages proximately caused by a voluntary and negligent repairing of the premises by the lessor, even though it was by means of rain that the damage resulted." ̇

It is true the plaintiff ̇ and defendant in their contract agreed: ..

"That the lessor shall not be liable for any damages which may accrue on account of any defect in said building, or in said premises, or from rain, wind, or other cause."

However, this did not relieve the defendant, the lessor, from liability for the negligence of himself or servants in afterwards making, voluntarily or gratuitously, repairs on the building that proximately resulted in injury to the goods therein of the lessee from rain during the occupancy under the contract of the building by the lessee. The principle of law stated in this charge was approved in Spangler v. Hobson, 212 Ala. 105, 101 So. 828.

[10, 11] The trial court refused to give the two written charges mentioned and set out in assignment of errors · 16 and 17, which were requested by the defendant, and they read as follows:

Charge mentioned in assignment of error 16:

"I charge you, gentlemen of the jury, that, if the repairs in this case were merely ineffectually done, your verdict should be for the defendant."

As set out in assignment No. 17:

"I charge you, gentlemen of the jury, that, if you believe from the evidence in this case that the defendant merely ineffectually attempted to repair the roof, your verdict must be for the defendant."

It is true, where the landlord voluntarily or gratuitously undertakes to make repairs upon the building demised, he is liable to the tenant for injuries resulting from negligence of himself or servant in making such repairs; but, if the repairs are made inefficiently, and not negligently, by himself or servant, he is not liable for injuries resulting to the tenant. Spangler v. Hobson, 212 Ala. 105, 101 So. 828; 1 Tiffany on Landlord & Tenant, 605; Bains v. Dank, 199 Ala. 250, 74 So. 341. The trial court will not be placed in error for refusing to give the jury these charges. The same rule of law stated, or attempted to be stated in these charges, was substantially and fairly given to the ju-

ry by the court in its general oral charge when he stated the following to them:

"Now, gentlemen of the jury, I might say this to you, that the crux of this thing is negligence. If there was no negligence but a thing was just ineffectually done, without negligence, of course there would be no case of liability."

See section 9509, Code 1923.

[12] The appellant argues in brief assignments of error numbered 16 and 17 jointly, in bulk; and we have shown the court did not err in refusing either of the charges mentioned therein. The appellant argues in bulk, as presenting one assignment of error, assignments of error numbered 13, 14, 16, and 17. In no part of the brief is No. 13 separately presented and argued by appellant. This assignment (13) presents as an alleged error a part of the oral charge of the court. This we need not consider, as it is presented and argued only in connection with number 14, 16, and 17, and we have shown that the court did not err in refusing to give the written charges mentioned in assignments of error numbered 16 and 17. Ala. Co. v. Norwood, 211 Ala. 385, headnote 2, 100 So. 479; City of Montgomery v. Moon, 208 Ala. 472, headnote 3, 94 So. 337; Hall v. Pearce, 209 Ala. 399, headnote 5, 96 So. 608; Bush v. Bumgardner, 212 Ala. 456, headnote 7, 102 So. 629.

[13, 14] The plaintiff requested, and the court gave, this written charge to the jury:

"If you believe from the evidence that the defendant undertook, through an independent contractor, to make the roof over the Hillman Drug Company water tight, and that the contractor failed to complete the work and left the roof in such condition as that great damage to plaintiff's stock and fixtures would likely ensue, and that defendant knew this, then the court charges you that a duty would rest on the defendant to exercise reasonable care to remedy that condition, and if you are further reasonably ʹsatisfied from the evidence that the defendant negligently failed to perform that duty, ·and as a proximate consequence plaintiff's stock and fixtures were damaged, then the plaintiff is entitled to recover."

The plaintiff leased this building from the defendant for drug store purposes. The defendant thereby covenanted, expressly or impliedly, for the plaintiff to have the possession and enjoyment of the building for the purposes mentioned during the term of the demise. This . court, in Abrams v. Watson, 59 Ala. 524, 528, wrote:

"Though there may not be in a lease an express covenant for the quiet possession and enjoyment of the premises during the term, the law implies it, and it is the condition on which rent is payable. * * * The covenant of the lessor which is implied extends only to his own acts, or the acts of those claiming under him, or which are done under his authority, or under a title paramount."

It is true in this state this court has held the general rule is that the lessor is not liable for the negligent acts of an independent contractor in making repairs to the demised and occupied building. Bains v. Dank, 199 Ala. 250, 74 So. 341. If the defendant undertook through contract with an independent contractor to make the roof of this building water tight, and this contractor failed to complete the work and left the roof in such condition as that great damage to the property therein of plaintiff would likely ensue, then the defendant would not be liable for the injury to the property therein of plaintiff, proximately caused by this negligence of the independent contractor. But, if the defendant knew of the condition in which the building was left by this contractor, and the great damage to the ·property therein of plaintiff that would likely ensue, then, after receiving such knowledge, it would be the duty of the defendant to exercise reasonable care to remedy it, as that condition created by the independent contractor would interfere with the enjoyment of the building by plaintiff as a drug store, the purpose for which it was demised by the defendant; and, if the defendant, after knowing thereof, negligently failed to remedy it, then he would be liable to the plaintiff for the injury to the goods therein of plaintiff, proximately caused by his negligence. The foregoing charge states a correct rule of law applicable to certain phases and tendencies of the evidence in this case, and the court did not err in giving it to the jury. Abrams v. Watson, 59 Ala. 524; Montgomery, etc., Co. v. Smith, 146 Ala. 316, 39 So. 757; Bains v. Dank, 199 Ala. 250, 74 So. 341; 14 R. C. L. 85, § 22.

[15] There is evidence tending to prove the averments of both counts of the complaint submitted to the jury. The evidence is in conflict on all issues in the cause by positive proof or reasonable inferences to be drawn from the evidence. So we must hold the trial court did not err in refusing the general affirmative charges requested in writing by defendant in his favor. A statement of the tendency. of some of the evidence appears herein, and a further statement thereof is not required. Brown v. Mobile Elec. Co., 207 Ala. 61, headnote 8, 91 So. 802; McMillan v. Aiken, 205 Ala. 35, headnotes 9–11, 88 So. 135.

[16] The appellant insists the amount of the verdict, $2,187.52, is excessive, and the motion for a new trial should be granted on that ground. The evidence for the plaintiff tended strongly to show that the damages to the goods and fixtures from the rains amounted to $3,164.45, and the evidence for the defendant tended to show it was about $20. The amount of the verdict does not appear to be excessive, but it is supported and sustained by the weight of the evidence, and we conclude the trial court did not err in

overruling the motion for a new trial. Cent. of Ga. Ry. Co. v. White, 175 Ala. 60, 56 So. 574, and authorities there cited.

The judgment of the court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.