141 So. 651

**MACKE et al. v. SUTTERER.**

**6 Div. 100.**

Supreme Court of Alabama.

March 24, 1932.

Rehearing Denied May 26, 1932.

Victor H. Smith, of Birmingham, for appellants.

Harsh, Harsh & Hare, of Birmingham, for appellee.

BROWN, J.

This is an action on the case by the tenant against the landlord for personal injury resulting from the breaking or giving away of the steps to the house, causing plaintiff to fall. The case was submitted to the jury on the third and ·fifth counts of the complaint and the defendants' pleas of the general issue and contributory negligence.

The third count of the complaint, after averring the tenancy, plaintiff's injury, the date thereof, and its causation by the breaking or giving away of the steps, avers that, during said tenancy and, before the injury, "defendants voluntarily undertook to make certain repairs to said steps and as a proximate consequence thereof, said steps were caused or allowed to be or remain in an unsafe condition for use by plaintiff, and plaintiff further avers that defendants negligently performed said work of ʻrepairing said steps as aforesaid, and negligentlyʼcaused or allowed same to be or remain in an unsafe condition for use by plaintiff as aforesaid, and plaintiff avers that as a proximate consequence of said negligence, she suffered her said injuries and damage as aforesaid."

The contention of appellants here is that, construing these averments most strongly against the pleader, it appears from the averment, "defendants voluntarily undertook to make certain repairs to said steps and as a proximate consequence thereof, *said steps were caused or allowed to be or remain in an unsafe condition for use by plaintiff*," that plaintiff seeks to predicate her right of recovery, in part, not on the negligent performance of the work, but on the inherent defects existing in the steps. To state the proposition in a different form, that the italicized averment is in the alternative, and testing the sufficiency of the complaint according to its weakest averment, it fails to show any duty on the part of the defendants to make the steps safe for use by plaintiff, and therefore is insufficient, as against the demurrer, taking the point, among others, "that it fails to show any liability for allowing said steps to remain in an unsafe condition."

If the quoted averment stood alone, there would be much force in this contention, but it is also settled that pleadings are to be construed by taking the allegations thereof as a whole, and not in the light of detached sentences or paragraphs standing alone. Hurt v. Southern R. Co., 205 Ala. 179, 87 So. 533, 535; Northern Alabama R. Co. v. Mitchell, 205 Ala. 448, 88 So. 558.

So construing the averments of this count, our judgment is that it appears with certainty to a common intent "that the steps were caused or allowed to be and remain in an unsafe condition for use by the plaintiff" as a proximate result of the negligence of defendants in performing the work of repairing said steps. The averments of the unsafe condition and defendants' negligence in performing the work are conjoined by the conjunction "and," and imposed on the plaintiff the burden of proving all the averments as laid in the count. In other words, the gravamen of the count is the negligence of the defendants in performing the work which they voluntarily undertook, and as a proximate consequence of such negligence the plaintiff received her injuries. The demurrer was overruled to this count without error. Bains v. Dank, 199 Ala. 250, 74 So. 341; Gill v. Middleton, 105 Mass. 477, 7 Am. Rep. 548; 16 R. C. L. 1045; § 565; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362.

The next contention is that count 5 of the complaint was demurrable for failing to aver "wherein defendants negligently performed said repairs on said steps," or what the defendants "did, or caused or allowed to be done in or about the repairs of said steps that was negligent."

The rules of good pleading as established by the decisions of this court and the provisions of the statute, requiring briefness and perspicuity in the presentation of the facts and matters to be put in issue, do not require that the quo modo of the negligence be averred with particularity. It is sufficient if the facts alleged show that the defendant owed the plaintiff a duty, and, when this is made to appear, the breach of the duty may be alleged in general terms "little if at all short of the mere conclusions of the pleader." Postal Telegraph Cable Co. v. Jones, 133 Ala. 217, 32 So. 500, 502; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; Code 1923, § 9457.

The demurrers to count 5 were properly overruled.

Among other elements of damages claimed in the complaint, as the result of the injury which plaintiff received, was that "plaintiff was at the time pregnant and was caused to be in danger of a miscarriage; * * * was caused to suffer "great mental and phys-

ical pain and anguish" resulting from physical injury. The questions to Dr. Cooper, who defendants conceded was qualified as a professional witness, and who had attended the plaintiff professionally, related to matters of professional knowledge, observation, and experience, clearly relevant to the question of damages alleged to have resulted proximately from the injury, and were allowed without error. Central of Georgia R. Co. v. Kimber, 212 Ala. 102, 101 So. 827; Spearman v. McCrary, 4 Ala. App. 473, 58 So. 927; Ala. Fuel & Iron Co. v. Baladoni, 15 Ala. App. 316, 73 So. 205; Atlantic Coast Line R. Co. v. Russell, 215 Ala. 600, 111 So. 753; McCray v. Sharpe, 188 Ala. 375, 66 So. 441.

In the case of Nevala v. City of Ironwood, 232 Mich. 316, 205 N. W. 93, 50 A. L. R. 1189, the declaration or complaint averred pregnancy of plaintiff, but did not claim damages for mental anguish. Moreover, it was held in that case, "if the pains of childbirth were enhanced in consequence of the injuries, this would constitute a proper subject of compensation." Id. 232 Mich. 316, 205 N. W. 93, 94, 50 A. L. R. 1193. This principle justified the admission of testimony by the plaintiff tending to show that her suffering in the childbirth following her injury was enhanced. So also evidence going to show plaintiff's physical condition before and after the injury up to the trial was properly admitted. St. Louis & S. F. R. Co. v. Savage, 163 Ala. 55, 50 So. 113; Southern Ry. Co. v. Hobbs, 151 Ala. 335, 43 So. 844.

The testimony of Dr. Noland was given in response to hypothetical questions based on the evidence in the case, and, in the main, were more favorable to the defendants than the plaintiff, and we are not able to affirm reversible error in the admission of this testimony.

■ The bill of exceptions recites that the statement made by plaintiff's counsel in his closing argument, and to which objection was made, was "in reply to an argument made by attorney for defendants to the effect that it was improper for plaintiff to ask the witness Fleming whether he was colored or white." The objection was therefore overruled without error. Alabama Great Southern Ry. Co. v. Hill, 93 Ala. 514, 9 So. 722; Alabama Power Co. v. Edwards, 219 Ala. 162, 121 So. 543.

The evidence presented a case for jury decision. The affirmative charge was therefore properly refused. We are not able to affirm that the verdict was contrary to the great weight of the evidence, and that error intervened in overruling the motion for a new trial.

We find no reversible error in the record, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

#### On Rehearing.

BROWN, J.

The subject-matter of the defendants' voluntary undertaking as alleged, and as the evidence tends to show, was the rear steps of the building occupied by the plaintiff as a residence, and the voluntary undertaking was to repair the steps so as to make them reasonably safe for use, and, if defendants failed to so repair the steps in a workmanlike manner so as to make them reasonably safe, and as a proximate consequence the plaintiff was injured, the defendants were liable. Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362.

In the case of Phelan v. Fitzpatrick, 188 Mass. 237, 74 N. E. 326, 108 Am. St. Rep. 469, relied on by the appellants, there was no voluntary undertaking to repair the railing to make it reasonably safe for use, but a specific undertaking to repair "by hammer and nails," directed by the tenant.

■ The proposition of charge 11, refused to the appellants, is that plaintiff was not entitled to recover damages for having fear that she would have a miscarriage. If such fear was the natural consequence of her personal injury resulting proximately from defendants' negligence, it was mental anguish, and therefore an element of actual damages. 8 R. C. L. p. 512, § 71; p. 523, § 78; p. 525, § 80. This charge was therefore refused without error.

We have examined the rulings on evidence and adhere to the pronouncement of the foregoing opinion.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.