61 So.2d 67

**WORRELL v. HODRICK et al.**

6 Div. 344, 344–A.

Supreme Court of Alabama.

Oct. 23, 1952.

Taylor, Higgins, Windham & Perdue and Wade H. Morton, all of Birmingham, for appellant.

Parsons, Wheeler & Rose, Birmingham, for appellees.

BROWN, Justice.

Essie Mae Hodrick, the wife of George Hodrick, a guest in the home of her mother at 508 18th Court North, Birmingham, Alabama, was injured by a fall from the front porch of said home. The accident occurred when one of the back legs of a cane-bottomed chair in which Essie Mae Hodrick was sitting broke through a rotten plank in the front porch. In falling she caught the porch post resting on said rotten plank. The post broke loose at the bottom because of its decayed or rotten condition and in consequence of said fall the complainant received serious personal injuries which necessitated her hospitalization. The fall and injury occurred on May 10, 1950.

Essie Mae and her husband brought separate actions against Dr. P. S. Worrell, the landlord of the mother, Mary Gunn, on May 25, 1950, on account of such accident. In each of said suits—both actions on the case—the complaint consisted of a single count, averring in substance and legal effect the relation of landlord and tenant between Worrell and Gunn; that the prem-

ises which the defendant owned and leased to said Mary Gunn for use of herself and guests consisted of a house and porch; that said porch became and was in a weak and decayed condition, highly dangerous to life and limb of persons using it; that before said injuries to plaintiff the defendant by himself or his servant or servants engaged in or about repairing said porch and so negligently conducted himself in and about making such repairs on said porch that it remained weak, insecure and unsafe for use, and as a proximate consequence of such negligence the plaintiff suffered internal and permanent injuries to her damage in the sum claimed.

The defendant demurred on numerous and sundry grounds. The demurrer was overruled and the defendant pleaded the general issue in short by consent with leave to give in evidence any fact which if well pleaded would constitute a good defense.

The husband of Essie Mae filed a similar complaint, claiming damages for loss of services in consequence of said injuries as a proximate consequence of the negligence of the defendant or his agents, servants or employes.

These two cases were consolidated and tried before the same jury, the trial resulting in separate verdicts and judgments for the plaintiffs. From said judgments the defendant appealed and said appeals on motion were consolidated, argued and submitted here.

In Essie Mae's case only three assignments of error are made which are as follows:

"1. The court erred in refusing to give to the jury the following charge requested in writing by appellant.

"'The court charges the jury that if you believe the evidence in this case you cannot find for the plaintiff and against the defendant.'

"2. The court erred in refusing to give to the jury the following charge requested in writing by appellant.

"'23. The court charges the jury that if you believe the evidence in this case, you cannot find for the plaintiff

Essie Mae Hodrick and against the defendant.'

"3. The court erred in overruling appellant's motion for a new trial in the cause to which action by the court appellant duly excepted."

We deem it proper to treat these assignments of error first, as the wife's case is the major case, and the case of the husband grew out of the injuries to the wife.

The evidence is without dispute that the relation of landlord and tenant existed between Mary Gunn and the defendant Dr. Worrell. It shows that Mary Gunn had lived in said house as a tenant for sixteen years; that the house was old when she first rented it; that she had continued in the use of the house, a duplex or double house with two rooms on each side and a common porch used by both tenants. The evidence further shows that on Mary's side the porch was nine feet long and five feet wide, entered by a set of concrete steps with three risers. That an upright porch post, just east of the east end of the steps consisting of a 2 x 4 rested on an old plank which was not replaced by new material in the undertaking to "repair and make safe" the porch. The seat of the post on the sill was rotten on May 10, 1950, the date of plaintiff's fall and injury, and the end of the post showed decay and would not hold a nail, or as the witness Mary Gunn testified, "would not take a nail."

The evidence shows that plaintiff was the guest of her mother, that she and her husband lived or were located in Pensacola, Florida, and she had come to Birmingham to be with Mary's mother, plaintiff's grandmother, who was ill, while Mary was away at her work during the day. The old plank upon which the porch post rested was the plank on which the back leg of the cane-bottom chair rested when the plank broke when plaintiff sat down in the chair, causing the plaintiff to fall. The new plank put in the porch by the defendant's agent Harry Lawrence did not break and cause the chair to fall.

The evidence is also without dispute that the witness Harry Lawrence was the agent or servant of the defendant and was acting within the scope of his employment in making the repairs of the porch. That defendant went with him to inspect the porch and defendant testified, "I did not tell him, Lawrence, what boards to take out. I told him to fix it in good condition to be safe." The defendant inspected the work after it was done with Lawrence and Lawrence assured Mary Gunn that the repairs had made the porch safe for use. The repairs were made on the porch in the early part of the year 1950 either in January, February or March, and the plaintiff received her injuries on the 10th of May, 1950.

The appellant's contention is that the evidence shows that Lawrence did not make any repairs or attempt to replace the old plank on which the upright post rested and that the plaintiff's fall was not a proximate result of any of the repairs made. This view of the case made by the evidence is too narrow and restricted and disregards the scope of the undertaking to repair the porch and make it safe for use. The evidence made the question of negligence one for the jury. Faucett v. Provident Mutual Life Ins. Co. of Philadelphia, 244 Ala. 308, 13 So.2d 182; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362; Green v. Jefferson County Bldg. & Loan Ass'n, 241 Ala. 549, 3 So.2d 415.

We are, therefore, not of opinion that the circuit court erred in refusing charges made the basis of assignments of error one and two. They were in form and substance the general affirmative charge for the defendant. The same argument is made in support of assignment of error No. 3. There was evidence to support the verdict in favor of the plaintiff and its weight was for the jury.

Without further discussion or treatment, we hold that the two affirmative charges on which assignments of error one and two are rested in the husband's case, were refused without error.

Charge 11 given at the instance of the defendant instructed the jury that they were not, under the evidence in the case, "authorized to award the plaintiff any damages on account of *money expended or obligations made in and about procuring doctors, hospital services, medicine or any*

*other expenses incurred in the treatment or care of Essie Mae Hodrick.*" The giving of this charge was induced because of plaintiff's failure to adduce evidence that the expenditures were reasonable.

Charge 21, the basis of assignment of error No. 4, in the husband's case, covered the same elements of damages and added thereto, "or for the loss of compensation or services of said Essie Mae Hodrick." The last portion of the charge was, under the evidence, an invasion of the province of the jury and justified its refusal.

Further treatment of the third assignment of error is not deemed necessary. It received no specific treatment in brief or argument.

No error appearing on the record, both judgments are due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.